**Edward O.C. ORD, Plaintiff–Appellant,**

v.

**UNITED STATES of America; Securities and Exchange Commission; Judith R. Starr, personally and as Assistant Chief Litigation Counsel of Securities and Exchange Commission, Defendants–Appellees.**

No. 00–15081.

D.C. No. CV–99–02731–MHP.

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2001.*

Decided May 8, 2001.**

■

---

** The Order to Show Cause entered on March 26, 2001, is quashed.

Before BEEZER, O'SCANNLAIN and W. FLETCHER, Circuit Judges.

## MEMORANDUM [1]

Plaintiff–Appellant Edward O.C. Ord, Esq. ("Ord") appeals the dismissal of his action. We have jurisdiction and AFFIRM.

■ First, the district court did not have jurisdiction to consider Ord's Federal Rule of Civil Procedure 60(b) motion for relief from the order ("April Order") issued by the United States District Court for the District of Columbia ("DC district court"). Rule 60(b) motions may be filed in either the district court which issued the

---

1. The panel unanimously finds this case suitable for decision without oral argument. Fed. r.App. P. 34(a)(2).

judgment or order, or in a district court located in a district where the judgment or order has been registered for enforcement. *F .D.I.C. v. Aaronian,* 93 F.3d 636, 639 (9th Cir.1996). The April Order has not been registered for enforcement in the Northern District of California.[2]

■ Second, the district court properly dismissed Ord's independent action to set aside the April Order. We are reluctant to allow independent actions for relief from other courts' judgments or orders because of "considerations of comity and orderly administration of justice." *Lapin v. Shulton, Inc.,* 333 F.2d 169, 172 (9th Cir.1964).

> When a court entertains an independent action for relief from the final order of another court, it interferes with and usurps the power of the rendering court .... Although justice may occasionally demand that sort of interference, the identification of those rare situations is committed to the sound discretion of the district court.

*Treadaway v. Acad. of Motion Picture Arts & Scis.,* 783 F.2d 1418, 1422 (9th Cir.1986).

Ord argues that his independent action should not be characterized as simply a collateral attack on the DC district court's order. He contends that he not only seeks to have the April Order declared void, but also asks to have the Securities and Exchange Commission enjoined from enforcing the allegedly void April Order.

■ We look to the substance of the complaint to determine whether an action should be characterized as a collateral attack or as an entirely distinct action. *See Treadaway,* 783 F.2d at 1420–22. In *Treadaway,* we examined the complaint and held that "at the heart of the complaint is the request for a declaration that a prior order of the bankruptcy court is null and void." *Id.* at 1421. We affirmed that the district court had the discretion to dismiss the independent action for "considerations of comity and orderly administration of justice." *Id.* at 1421–22.

Similarly, the "heart" of Ord's complaint is a request for a declaration that the April Order issued by the DC district court is void. The Northern District of California district court had the discretion to dismiss the action. The court did not abuse its discretion when it concluded that "[i]f Ord wants to take the D.C. court's order to task, he should seek relief in the D.C. court. He may not upset the principles of judicial comity, fairness and efficiency that underlie the basic rule against horizontal appeals."

AFFIRMED.

---

2. Ord cites *Hadden v. Ramsey Products, Inc.,* 196 F.2d 92 (2d Cir.1952), for the proposition that a Rule 60(b) motion may be filed in *any* district court. The Second Circuit, however, specifically left unaddressed the issue "whether the Ohio judgment could properly be at-

tacked by [Rule 60] motion in the New York court." *Id.* at 95. The court, instead, characterized the action as an independent action to obtain equitable relief from a judgment or order.