**F I L E D**

**UNITED STATES COURT OF APPEALS**

**March 15, 2007**

**TENTH CIRCUIT**

NELSON GIRALDO PALACIO,

     Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

     Defendant - Appellee.

No. 06-2131
(D.C. No. 05-CIV-1198-MV/KBM)
(D.N.M.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.[**]

     Plaintiff-Appellant Nelson Giraldo Palacio appeals from the district court's

order dismissing his "Motion to Dismiss Indictment Based on Illegal Conviction

and Unlawful Detention by a Federal Prisoner In Custody Under New Evidence,

Pursuant to Rule 60(b)."  In the motion, Mr. Palacio challenged his conviction

and sentence imposed by the United States District Court for the Central District

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal.  See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G).  The cause is therefore ordered submitted without oral argument.

of California.  That conviction and sentence was affirmed on direct appeal.  <u>See</u>

<u>United States v. Palacio</u>, 52 F.App'x 382, 383 (9th Cir. 2002).  Mr. Palacio then

filed two habeas petitions challenging his conviction and sentence under 28

U.S.C. § 2255, both of which were denied by the district court.  <u>See</u> <u>United States</u>

<u>v. Palacio</u>, No. 5:03-CV-449-VAP (C.D. Cal. Oct. 30, 2003); <u>United States v.</u>

<u>Palacio</u>, No. 5:04-CV-710-VAP (C.D. Cal. Oct. 7, 2004).  Mr. Palacio appealed

the denial of the first § 2255 petition, only to be denied COA.  <u>See</u> <u>United States</u>

<u>v. Palacio</u>, No. 04-55212 (9th Cir. May 3, 2004).

In the district court, Mr. Palacio asked that his motion be treated as a

motion under Fed. R. Civ. P. 60(b), and not as a petition to vacate, set aside, or

correct his sentence under 28 U.S.C. § 2255.[1]  The district court ruled that the

relief Mr. Palacio sought was not available under Fed. R. Civ. P. 60(b), and it

dismissed his motion without prejudice.

We decline to decide whether Mr. Palacio's motion should be subject to

review as a second or successive § 2255 petition as opposed to a Rule 60(b)

motion because, in either case, Mr. Palacio has filed his motion in an

inappropriate court.  A second or successive § 2255 petition must be authorized

---

[1]  A § 2255 petition must be filed in the court which imposed the sentence.
<u>See</u> <u>Bradshaw v. Story</u>, 86 F.3d 164, 166 (10th Cir. 1996).  Furthermore, because
Mr. Palacio already filed two § 2255 petitions, any subsequent petition would
have to be authorized by the appropriate circuit court of appeals under AEDPA.
<u>See</u> <u>Leonard v. United States</u>, 383 F.3d 1146, 1147 (10th Cir. 2004) (citing 28
U.S.C. §§ 2244(b)(3)(A) and 2255; <u>United States v. Allen</u>, 157 F.3d 661, 664
(9th Cir. 1998) (same).

by the "appropriate court of appeals," which, in this case, would be the Ninth Circuit. See 28 U.S.C. § 2244(b)(3)(A). A motion under Fed. R. Civ. P. 60(b) must be filed in the court rendering judgment, which, in this case, would be the District Court for the Central District of California. See Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc., 715 F.2d 1442, 1444 (10th Cir. 1983); see also 12 James Wm. Moore et al., Moore's Federal Practice § 60.60 (3d ed. 2006). Accordingly, we must affirm the district court's order dismissing Mr. Palacio's motion without prejudice. Appellant's motion for leave to proceed on appeal in forma pauperis is denied and appellant is directed to pay the filing fee forthwith.

AFFIRMED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge