FILED

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

APR 20 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GERALDINE TRICE,<br><br>                Plaintiff - Appellant,<br><br>  v.<br><br>CLARK COUNTY SCHOOL DISTRICT;<br>et al.,<br><br>              Defendants - Appellees. | No. 08-17340<br><br>D.C. No. 2:07-cv-00340-BES-GWF<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Brian E. Sandoval, District Judge, Presiding

Submitted April 5, 2010[**]

Before:    RYMER, McKEOWN, and PAEZ, Circuit Judges.

Geraldine Trice appeals pro se from the district court's judgment dismissing

her action alleging claims under 42 U.S.C. §§ 1981 and 1983, Title VII, and state

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

law.  We have jurisdiction under 28 U.S.C. § 1291.  We review for an abuse of discretion dismissals under Federal Rule of Civil Procedure 41(b), *Yourish v. Cal. Amplifier*, 191 F.3d 983, 986 (9th Cir. 1999), and for failure to comply with Rule 4(m)'s service requirements, *Oyama v. Sheehan (In re Sheehan),* 253 F.3d 507, 511 (9th Cir. 2001).  We review de novo dismissals under Rule 12(b)(6) and on statute of limitations grounds.  *Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 973 (9th Cir. 2004).  We may affirm on any ground supported by the record, *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1059 (9th Cir. 2007), and we affirm.

The district court did not abuse its discretion by dismissing the claims against defendant Mark Reed under Rule 41(b) and Nevada Local Rule 7-2(d), because Trice failed to file an opposition to Reed's motion to dismiss after the district court granted her an extension of time to do so and warned that noncompliance would result in dismissal.  *See Pagtalunan v. Galaza*, 291 F.3d 639, 642-43 (9th Cir. 2002) (discussing factors that district courts must consider before dismissing under Rule 41(b)); *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam) (affirming dismissal under former version of Nevada Local Rule 7-2(d) where plaintiff failed to file an opposition to a motion to dismiss and Rule 41(b) factors weighed in favor of dismissal).

We affirm the dismissal of the claims against defendant Carrie Bourdeau because they are barred by the two-year statute of limitations. *See Taylor v. Regents of the Univ. of Cal.*, 993 F.2d 710, 711-12 (9th Cir. 1993) (per curiam) (explaining that the statute of limitations for 42 U.S.C. §§ 1981 and 1983 claims is governed by the forum state's statute of limitations for personal injury claims); Nev. Rev. Stat. § 11.190(4).

The district court did not abuse its discretion by dismissing the claims against defendant Richard Carranza because Trice did not establish good cause to extend the deadline for service of process. *See In re Sheehan*, 253 F.3d at 512.

The district court properly dismissed the retaliation claims against defendant Clark County School District because Trice failed to show the required causal link. *See Vasquez v. County of Los Angeles*, 349 F.3d 634, 646 (9th Cir. 2003) (affirming dismissal of retaliation claim where the protected activity occurred thirteen months before the alleged adverse action and there was no evidence of surrounding circumstances showing a retaliatory motive). The district court also properly dismissed the other federal claims against this defendant because Trice failed to allege facts sufficient to state a claim for relief. *See Abagninin v. AMVAC Chem. Corp.*, 545 F.3d 733, 742 (9th Cir. 2008) (stating that conclusory allegations of law are insufficient to defeat a motion to dismiss for failure to state a claim).

Trice's remaining contentions are unpersuasive.

Trice's motion for appointment of counsel is denied.

**AFFIRMED.**