Herbert **WOLFF**, Plaintiff,

v.

State of **CALIFORNIA**,
et al., Defendants.

**No. ED CV 15–00244–VBF (AS)**

United States District Court,
C.D. California.

Signed 01/13/2016

---

9. Plaintiffs assert that it would presumably be stayed in favor of this case.

Herbert Wolff, Chino, CA, pro se.

## ORDER ACCEPTING FINDINGS, CONCLUSIONS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE

### VALERIE BAKER FAIRBANK, UNITED STATES DISTRICT JUDGE

Pursuant to 28 U.S.C. section 636, the Court has reviewed the Second Amended Complaint ("SAC"), all of the records herein, and the Report and Recommendation of United States Magistrate Judge. The Court has made a *de novo* determination of the portions of the Report and Recommendation to which Objections were directed (see Docket Entry No. 13), and concurs with the Magistrate Judge's order construing Plaintiff's objections as a request for additional time to file a First Amended Complaint (see Docket Entry No. 14). However, even after being granted the requested extension of time to file a First Amended Complaint curing the deficiencies of the Complaint, Plaintiff has failed to file a First Amended Complaint. The Court concurs with and accepts the findings and conclusions of the Magistrate Judge.

**IT IS ORDERED** that Judgment shall be entered dismissing this action with prejudice.

**IT IS FURTHER ORDERED** that the Clerk serve copies of this Order and the Judgment herein on Plaintiff at his current address of record.

LET JUDGMENT BE ENTERED ACCORDINGLY.

## REPORT AND RECOMMENDATION OF A UNITED STATES MAGISTRATE JUDGE

### ALKA SAGAR, UNITED STATES MAGISTRATE JUDGE

This Report and Recommendation is submitted to the Honorable Valerie Baker Fairbank, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 05–07 of the United States District Court for the Central District of California.

### I.

### INTRODUCTION

On February 9, 2015, Plaintiff Herbert Wolff ("Plaintiff"), a prisoner at the California Institute for Men in Chino, California, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 ("Compl."). (Docket Entry No. 1). The Complaint asserted causes of action for: (1) negligence; (2) intentional infliction of emotional distress; (3) "civil rights violations"; (4) "intentional infliction of pain and suffering causing permanent injury and near death"; (5) "failure to summons and provide adequate medical care" under California Government Code § 845.6; and (6) "failure to summons medical care" under 42 U.S.C. § 1983. (Compl. at 18–26). On April 23, 2015, the Court dismissed the Complaint with leave to amend, finding that Plaintiff (1) sought monetary relief from a defendant who is immune from such relief, and (2) failed to state a claim upon which relief may be granted. (Docket Entry No. 8). Plaintiff was given until May 26, 2015, to file a First Amended Complaint ("FAC"). (Id. at 8).

On August 3, 2015, after Plaintiff failed to file a FAC, the Court issued an Order to Show Cause why the action should not be dismissed for failure to prosecute. (Docket Entry No. 10). Plaintiff was directed to respond to the Order to Show Cause by filing a FAC or a declaration under penalty of perjury stating why Plaintiff was unable to

file a FAC no later than September 2, 2015. (Id.) The Court's Order warned Plaintiff that failing to timely respond to the Court's Order could result in a recommendation that his action be dismissed with prejudice for failure to prosecute and to comply with Court orders pursuant to Federal Rule of Civil Procedure 41(b).[1] (Id. at 1).

To date, Plaintiff has failed to file a FAC, request an extension of time to do so, or submit any responsive filing to the Order to Show Cause. Plaintiff appears to have lost interest in this litigation. This Report and Recommendation, recommending dismissal with prejudice for failure to prosecute and to comply with Court orders pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, follows.

## II.

### DISCUSSION

 Federal Rule of Civil Procedure 41(b) grants district courts the authority to *sua sponte* dismiss actions for failure to prosecute or failure to comply with court orders. See Link v. Wabash R.R., 370 U.S. 626, 629–31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962) ("expressly recogniz[ing]" the district court's authority to dismiss a plaintiff's action with prejudice because of his failure to prosecute, finding that "[t]he power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of District Courts."); Pagtalunan v. Galaza, 291 F.3d 639, 640–43 (9th Cir.2002) (affirming district court's *sua sponte* dismissal of habeas petition with prejudice "for failure to prosecute and failure to comply with a court order"). However, because "dismissal is a harsh penalty, ... it should only be imposed in extreme circumstances." Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir.1992) (citing Hamilton Copper & Steel Corp. v. Primary Steel, Inc., 898 F.2d 1428, 1429 (9th Cir.1990)); Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir.1986).

 In considering whether to dismiss an action for failure to comply with a court order, the court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." See Pagtalunan v. Galaza, 291 F.3d at 642 (citing Ferdik, 963 F.2d at 1260–61).

"[The Ninth Circuit] 'may affirm a dismissal where at least four factors support dismissal, ... or where at least three factors "strongly" support dismissal.' " Yourish v. California Amplifier, 191 F.3d 983, 990 (9th Cir.1999) (quoting Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir.1998)). As set forth below, the Court finds that four of the five factors strongly weigh in favor of dismissal.

### A. The Five Factors Support Dismissal

#### 1. The Public's Interest In Expeditious Resolution Of Litigation

 The Ninth Circuit has explained that "[t]he public's interest in expeditious resolution of litigation *always* favors dismissal." Pagtalunan, 291 F.3d at 642 (emphasis added) (quoting Yourish, 191 F.3d at 990) (internal quotation marks omitted). Furthermore, the fact that Plaintiff has failed to pursue this case for almost seven months (*i.e.*, by either filing a First Amended Complaint or a Response to the Court's Orders) adds even more weight to this factor. See id. ("Given [Plaintiff's] failure to pursue this case for almost four months, this factor weighs in favor of dismissal.").

#### 2. Court's Need To Manage Its Docket

 Courts have the "power to manage their dockets without being subject to the endless vexatious noncompliance of litigants." See Ferdik, 963 F.3d at 1261. Thus, the second factor focuses on whether a particular case has "consumed ... time that could have

---

1. The same warning was included in the Court's Order dismissing Plaintiff's original complaint.

(Docket Entry No. 8).

been devoted to other cases on the [court's] docket." See Pagtalunan, 291 F.3d at 642.

The Court issued an Order Dismissing the Complaint with leave to amend on April 23, 2015. (Docket Entry No. 8). The Order explained the reasons for the Court's finding that Plaintiff had failed to properly allege a violation of his constitutional rights or state a cause of action, provided guidance regarding the filing of an amended complaint, and granted Plaintiff an opportunity to amend. See Ferdik, 963 F.2d at 1261. On August 3, 2015—over two months past the original deadline for filing a First Amended Complaint—the Court issued an Order to Show Cause giving Plaintiff an opportunity to file a FAC or declare why he was unable to do so. (Docket Entry No. 10). To date, Plaintiff has not filed a FAC, requested an extension of time, or responded to the Court's Order to Show Cause. As a result, the Court remains unaware if or how Plaintiff intends to proceed with this matter, especially in light of the Court's Order setting forth the various defects fatal to Plaintiff's initial complaint.

Plaintiff's inaction hinders the Court's ability to move this case toward disposition and indicates that Plaintiff does not intend to litigate this action diligently. The court cannot continue to spend valuable resources attempting to move forward a case that Plaintiff does not wish to expeditiously pursue. As a result, the Court's need to manage its docket favors dismissal.

### 3. The Risk of Prejudice to Defendants

■ The third factor—prejudice to the Defendants—also favors dismissal. "[T]he failure to prosecute diligently is sufficient by itself to justify dismissal … [t]he law presumes injury from unreasonable delay." In re Eisen, 31 F.3d 1447, 1452 (9th Cir.1994) (quoting Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir.1976)). Courts presume prejudice when delay is *unreasonable* because such "delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." See Pagtalunan, 291 F.3d at 642–43 (citing Sibron v. New York, 392 U.S. 40, 57, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968)). Furthermore, the risk of prejudice to the defendant is related to the reason given by the plaintiff for failing to prosecute an action. See Pagtalunan, 291 F.3d at 642 (citing Yourish, 191 F.3d at 991).

Here, Plaintiff has failed to respond in any manner to the Court's Order Dismissing the Complaint with Leave to Amend (Docket Entry No. 8), or the August 3, 2015, Order to Show Cause (Docket Entry No. 10). At no time has Plaintiff *even attempted* to advance *any* explanation for his failure to file a FAC. Consequently, Plaintiff's delay in prosecuting this case and obeying the Court's orders is unreasonable, and the risk of prejudice strongly weighs in favor of dismissal. See Pagtalunan, 291 F.3d at 642–43 (finding prejudice when "[petitioner] offered no clear explanations of what actions he actually took during the relevant time periods[,]" even though the respondent had not yet appeared in the action); In re Phenylpropanolamine Prods. Liab. Litig., 460 F.3d 1217, 1228 (9th Cir.2006) (emphasis added) (citations omitted); cf. Yourish, 191 F.3d at 991–92 (finding that "[p]laintiffs' paltry excuse" for their failure to timely file an amended complaint demonstrated that there was "sufficient prejudice to [d]efendants from the delay" such that this factor "strongly favor[ed] dismissal"). Accordingly, the prejudice to the defendants also favors dismissal.

### 4. Availability Of Less Drastic Alternatives

■ Less drastic alternatives to dismissal include, *inter alia*, a warning to a party that dismissal could result from failure to obey a court order. See Malone v. U.S. Postal Serv., 833 F.2d 128, 132 n.1 (9th Cir.1987) (internal quotation marks omitted). To determine whether a district court has properly considered such alternatives, the Ninth Circuit evaluates three factors:

(1) Did the [district] court explicitly discuss the feasibility of less drastic sanctions and explain why alternative sanctions would be inadequate? (2) Did the [district] court implement alternative methods of sanctioning or curing the malfeasance before ordering dismissal? and (3) Did the court warn plaintiff of the possibility of

dismissal before actually ordering dismissal? Malone, 833 F.2d at 132.

Malone, 833 F.2d at 132.

■ The Ninth Circuit has explained that "[a] district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir.1986). Furthermore, "a district court's warning to a party that his [or her] failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." Ferdik, 963 F.2d at 1262 (citing Malone, 833 F.2d at 132–33; Henderson, 779 F.2d at 1424).

■ In dismissing Plaintiff's initial Complaint with leave to amend, the Court stated the reasons for dismissal and offered guidance as to how Plaintiff could cure the Complaint's deficiencies. (Docket Entry No. 8 at 5–7). The Order to Show Cause explicitly warned Plaintiff that the failure to file a timely response to the Court's Order "will result in a recommendation that this action be dismissed with prejudice under Federal Rule of Civil Procedure 41(b) for failure to prosecute and obey court orders." (See Docket Entry No. 10). Nonetheless, Plaintiff has not responded in *any* way to the Order to Show Cause and has completely ceased participating in this action. On this record, the Court finds that Plaintiff has lost interest in *his own lawsuit*. Therefore, the Court concludes that less drastic alternatives would be inadequate at remedying Plaintiff's failure to prosecute and obey court orders.

5. Public Policy Favoring Disposition On The Merits

■ The fifth factor—the public policy favoring the disposition of cases on their merits—ordinarily weighs against dismissal. See In re Phenylpropanolamine Prods. Liab. Litig., 460 F.3d at 1228. However, "this factor 'lends little support' to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." See id. (citing In re Exxon Valdez, 102 F.3d 429, 433 (9th Cir.1996); In re Eisen, 31 F.3d at 1454; and Morris v. Morgan Stanley & Co., 942

F.2d 648, 652 (9th Cir. 1991)). This is because "a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines ... cannot move forward toward resolution on the merits." See id.

Here, Plaintiff has not discharged his responsibility of "mov[ing] towards [a] disposition [on the merits] at a reasonable pace." Morris v. Morgan Stanley & Co., 942 F.2d at 652. Under these circumstances, the public policy favoring the resolution of disputes on the merits "lends little support" to Plaintiff. See In re Phenylpropanolamine Prods. Liab. Litig., 460 F.3d at 1228 (internal quotation marks omitted).

**B. Dismissal Of This Action Under Rule 41(b) Is Appropriate**

■ As discussed supra, four of the Rule 41(b) dismissal factors strongly weigh in favor of dismissal, whereas only one factor (at best) slightly weighs against dismissal. Moreover, the Court finds that Plaintiff has manifested little to no interest in this action, which further demonstrates that these proceedings should not continue. Under these circumstances, dismissal of the action with prejudice is appropriate. See Malone, 833 F.2d at 133 n.2 (concluding that, "[a]lthough [the][public policy favoring disposition of cases on their merits] ... weighs against dismissal, it is not sufficient to outweigh the other four factors, which in this case support dismissal"); Trice v. Clark Cnty. Sch. Dist., 376 Fed.Appx. 789, 790 (9th Cir.2010) (affirming Rule 41(b) dismissal for failure to file an opposition to a motion to dismiss).

Rule 41(b) states in relevant part:

"[D]ismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits.

Fed.R.Civ.P. 41(b).

The Court recommends dismissal of this action due to Plaintiff's failure to prosecute and obey court orders. As this case does not fall into one of the three exceptions noted above, the dismissal will operate as an adju-

dication on the merits. The dismissal will thus be with prejudice to Plaintiff's refiling of a new complaint based on the same allegations. See Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir.2002) (dismissal interpreted as an adjudication on the merits unless one of the Rule 41(b) exceptions applies); Owens v. Kaiser Health Plan, Inc., 244 F.3d 708, 714 (9th Cir.2001) (dismissal for failure to prosecute is treated as adjudication on the merits) (citing United States v. Schimmels (In re Schimmels), 127 F.3d 875, 884 (9th Cir. 1997)). Plaintiff was expressly warned about the possibility of dismissal in the event of his failure to file a First Amended Complaint. Plaintiff will have the opportunity to file Objections to this Report and Recommendation if he wishes to contest the dismissal of this action.

## III.

## RECOMMENDATION

It is recommended that the Court issue an Order (1) accepting and adopting this Report and Recommendation; and (2) directing that Judgment be entered dismissing this action with prejudice.