**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT W. MOORE, | No. 13-17109 |
| Plaintiff–Appellant, | D.C. No. 2:11-cv-01020-PMP-NJK |
| v. | |
| MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. and RECONTRUST COMPANY, NA, | MEMORANDUM[*] |
| Defendants–Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Philip M. Pro, Senior District Judge, Presiding

Submitted May 13, 2016[**]
San Francisco, California

Before: WARDLAW, PAEZ, and BEA, Circuit Judges.

Robert Moore brought this diversity action against Mortgage Electronic

Registration Systems, Inc. and ReconTrust Company, NA (collectively, "MERS"),

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1

contending that MERS recorded a fraudulent assignment of the note and deed of trust on Moore's home. Moore's operative first amended complaint contained four causes of action: one count of violating Nevada Revised Statutes § 205.372, which prohibits mortgage-lending fraud, and three counts of common-law fraud. The district court granted MERS's motion for summary judgment, finding that the applicable version of Nevada Revised Statutes § 205.372 did not include a private right of action and that Moore had not raised a genuine issue of material fact as to his justifiable reliance on any misstatement by MERS, which is one element of common-law fraud. Moore filed a motion for reconsideration, which the district court denied. Moore appeals. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

**1.** We are satisfied that the amount-in-controversy requirement has been met. Moore filed his original complaint in federal court, alleging an amount in controversy exceeding $75,000, and the amended complaint, which alleges a reduced amount in controversy of $10,000 or more, does not establish to a "legal certainty" that the amount-in-controversy requirement has not been met. *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–90 (1938); *see also* 28 U.S.C. § 1332(a); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 400–04 (9th

Cir. 1996). We therefore discharge the order to show cause issued on February 22, 2016.

**2.** Moore's notice of appeal includes only the district court's order denying his motion for reconsideration. More importantly, the notice of appeal was untimely as to the district court's judgment in favor of MERS. The district court entered judgment on July 15, 2013, and a notice of appeal from that judgment was due within 30 days of that date. *See* Fed. R. App. P. 4(a)(1)(A). Moore filed the notice of appeal on October 21, 2013, well after the 30-day deadline.

Although a motion under Federal Rule of Civil Procedure 59(e) or 60(b) can extend the time to file a notice of appeal, such motion must be filed in the district court within 28 days of entry of judgment. *See* Fed. R. App. P. 4(a)(4)(A); Fed. R. Civ. P. 59(e); *see also United States v. Comprehensive Drug Testing, Inc.*, 513 F.3d 1085, 1097–1101 (9th Cir. 2008), *adopted in pertinent part*, 621 F.3d 1162, 1167 (9th Cir. 2010) (en banc) (per curiam). Here, Moore's motion for reconsideration of the district court's order granting MERS's motion for summary judgment, which we construe as filed under Federal Rule of Civil Procedure

3

60(b),[1] was filed on August 14, 2013, or *30* days after the district court entered judgment. Moore's motion for reconsideration was thus ineffective to extend the time to file a notice of appeal from the district court's judgment.

A late notice of appeal deprives us of jurisdiction to review the judgment, as well as the orders producing it. *See, e.g.*, *Cruz v. Int'l Collection Corp.*, 673 F.3d 991, 1001 (9th Cir. 2012); *Comprehensive Drug Testing*, 513 F.3d at 1097–1101. And an appeal from an order denying a motion for reconsideration "brings up only the denial of the motion for review, not the merits of the underlying judgment." *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc) (per curiam) (citation omitted).

**3.** We do have jurisdiction to review the district court's order denying Moore's motion for reconsideration, as the notice of appeal was timely as to that

---

[1] In his motion for reconsideration, Moore cited Federal Rules of Civil Procedure 59(e) and 60(*a*), but not Federal Rule of Civil Procedure 60(*b*). We assume that was a typo, as Federal Rule of Civil Procedure 60(a) concerns clerical mistakes, oversights, and omissions in a judgment, and "a motion for reconsideration of summary judgment is appropriately brought under either Rule 59(e) or Rule 60(b)." *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991). The district court did not state under which rule it evaluated Moore's motion, but we construe Moore's motion as filed under Federal Rule of Civil Procedure 60(b) because it was not filed within the 28-day deadline imposed by Federal Rule of Civil Procedure 59(e). *See Am. Ironworks & Erectors, Inc. v. N. Am. Constr. Corp.*, 248 F.3d 892, 898–99 (9th Cir. 2001) (a motion for reconsideration is treated as a motion under Federal Rule of Civil Procedure 59(e) if it is filed timely under that rule and as a motion under Federal Rule of Civil Procedure 60(b) otherwise).

order. However, the parties have presented no argument regarding the district court's order denying Moore's motion for reconsideration, the only order over which we have jurisdiction. We therefore deem the issue waived. *See, e.g.*, *Affordable Hous. Dev. Corp. v. City of Fresno*, 433 F.3d 1182, 1193 (9th Cir. 2006). And, even if the issue were not waived, Moore neither raised nor established any grounds for relief under Federal Rule of Civil Procedure 60(b) in his motion for reconsideration, and the district court thus did not abuse its discretion in denying that motion. *See Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993) ("Rule 60(b) 'provides for reconsideration only upon a showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief.'" (citation omitted)); *see also United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc) (a district court abuses its discretion if it fails to "identif[y] and appl[y] the correct legal rule to the relief requested" or if it resolves a motion based on a "factual finding that [is] illogical, implausible, or without support in inferences that may be drawn from the facts in the record"). We affirm the district court's decision.

5

Each party shall bear its own costs on appeal.[2]

**ORDER TO SHOW CAUSE DISCHARGED; AFFIRMED.**

_____

[2] As is permitted under Ninth Circuit Rule 30-1.2, Moore did not file excerpts of record. MERS did file excerpts of record, unhelpfully providing over 1,700 pages of material from the district court's docket. Oddly, MERS left out the one-page notice of appeal and the district court's docket sheet, which were arguably the documents we most needed to resolve this appeal properly. We encourage MERS to exercise greater discretion in selecting what to include in the excerpts of record. *See* 9th Cir. R. 30-1.1 ("The purpose of the excerpts of record is to provide each member of the panel with those portions of the record necessary to reach a decision."); 9th Cir. R. 30-1.7 ("If appellant did not file excerpts of record . . . the contents of appellee's supplemental excerpts are limited to the district court docket sheet, the notice of appeal, the judgment or order appealed from, and any specific portions of the record cited in appellee's brief."). Ordinarily, when we affirm a district court's decision, we tax costs against the appellant, *see* Fed. R. App. P. 39(a)(2), but we see no reason to saddle Moore with MERS's costs, including the costs of printing MERS's bloated excerpts of record, when both parties failed to address the key issues in this case. Therefore, the parties shall bear their own costs on appeal.