Herbert WOLFF, Plaintiff,

v.

State of CALIFORNIA et al., Defendants.

Case No. ED CV 15–00244–VBF

United States District Court, C.D. California.

Signed February 14, 2017

Herbert Wolff, Chino, CA, pro se.

**ORDER**

Directing Defendants to Respond to FRCP 60(b) Motion for Relief from Judgment by Friday, March 17, 2017;

Permitting Plaintiff to Reply by Apr. 14, 2017

Valerie Baker Fairbank, Senior United States District Judge

Proceeding *pro se*, California state prisoner Herbert Wolff ("plaintiff") initiated this action on February 9, 2015, by filing a complaint for relief pursuant to 42 U.S.C. section 1983. *See* Case Management / Electronic Case Filing System Document ("Doc") 1, along with a motion for appointment of counsel (Doc 2) and a request to proceed *in forma pauperis* ("IFP") (Doc 3). On February 11, 2015, District Judge Lew issued an Order (Doc 5) denying the IFP application with leave to amend within thirty days, and Magistrate Judge Sagar issued an Order (Doc 6) denying without prejudice the motion for appointment of counsel. The case was randomly reassigned to the undersigned District Judge by Order entered March 4, 2015 (Doc 7).

On April 23, 2015, Magistrate Judge Sagar issued an Order (Doc 8) dismissing the complaint without prejudice, authorizing plaintiff to amend his pleading within thirty days. That deadline elapsed on about May 23, 2015. More than two months later, still having received no amended complaint and no motion to extend the amendment deadline, the Magistrate Judge on August 3, 2015 issued an Order (Doc 10) directing plaintiff to show cause in writing, by September 2, 2015, why this action should not be dismissed with prejudice for lack of prosecution and failure to comply with court order.

Nearly two months after the show-cause deadline elapsed, the Court had not received from plaintiff either a substantive response or a request to extend the show-cause deadline. Accordingly, on October 28, 2015, the Magistrate Judge issued a Report and Recommendation ("R&R") (Doc 12) recommending that the action be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) for lack of prosecution and failure to comply with court orders.

In response, plaintiff filed a document entitled "Objections to the Magistrate Judge's R&R" on November 18, 2015 (Doc

13). On November 19, 2015, the Magistrate Judge issued an Order (Doc 14) that construed the "Objections" as a request for more time to file an amended complaint; thus construed, the Magistrate Judge granted the request and directed plaintiff to file an amended complaint that rectified the deficiencies identified in the original complaint by December 21, 2015. The R&R and its recommendation of dismissal with prejudice for lack of prosecution remained pending.

Even after being granted this second extension of time in which to file a First Amended Complaint, the December 21, 2015 deadline came and went with no submissions by plaintiff.

On Monday, January 11, 2016, the Clerk's Office received a Request for Extension of Time from plaintiff in an envelope that had been postmarked by a United States Post Office in Santa Ana, California on Tuesday, January 6, 2016. See Doc 15-1 at 4. Although the envelope was not postmarked until Tuesday, January 6, 2016, plaintiff dated his extension request (Doc 15-1 at 1) and supporting declaration (Doc 15-1 at 2) "December 20, 2015" and attached a "California Institution for Men Proof of Service by Mail" (Doc 15-1 at 3) alleging that he had given the envelope to prison staff for mailing *two and a half weeks* (seventeen days) before it was postmarked, on Wednesday, December 20, 2015. Yet at the bottom of the Proof of Service form, in the concluding section entitled "CIM Mailroom Acknowledgment of Mailing", all three lines were blank (a line entitled "Dated", a line apparently for the printed name of a prison employee entitled "Staff", and a line apparently for the employee's signature entitled "Signed").

On January 7, 2016, the Magistrate forwarded the R&R to the undersigned District Judge for ruling. See CM/ECF Docket, non-text "court-only" entry between Docs 14 and 15.

On January 12, 2016, the Magistrate issued a Notice of Document Discrepancies (Form CV-104A) (Doc 15) rejecting the extension application for filing. The Notice stated as follows, "FAC was due 12/21/15 ... and no requests for extension were filed prior to [the] due date. His matter is under submission, and the Court will no longer accept any filings."[1]

---

1. Because plaintiff Wolff was incarcerated and proceeding *pro se* when he attempted to file the request for extension of time in December 2015—January 2016, he was entitled to the benefit of the Prison Mailbox Rule. *See Sudduth v. Soto*, No. LA CV 15-09038-VBF Doc. 28 at 5, 2016 WL 8254354 (C.D. Cal. Sept. 20, 2016) (not yet on WestLaw).

Under that rule, the Court was presumptively obligated to treat his extension request as constructively filed on the date on which plaintiff alleges he gave it to prison authorities. *See Quezada v. Long*, 2016 WL 4063013, *3 n.2 (C.D. Cal. July 6, 2016) (citing *Hernandez v. Spearman*, 764 F.3d 1071, 1074 (9th Cir. 2014) (citing *Houston v. Lack*, 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988))); *see, e.g., United States v. Canfield*, 2016 WL 4926419, *1 (D. Minn. Sept. 15, 2016) ("To take advantage of this rule," the incarcerated party "must have 'actually deposited his legal papers' by his deadline and 'at some point attested to that fact in an affidavit or notarized statement.") (quoting *Grady v. United States*, 269 F.3d 913, 918 (8th Cir. 2001)) (brackets omitted).

"The Rule of *Houston* thus excludes from the time to file a [document] any time lost to delays caused by prison authorities in transmitting the pro se prisoner's [document] to the district court", *Baker v. United States*, 670 F.3d 448, 457 (3d Cir. 2012), whether the delay was caused by prison staff conducting security screening, by staff or postal employees temporarily misplacing the envelope, or by any other factor beyond the prisoner's control. *See, e.g., Williams v. Davis*, 2015 WL 493807, *1 (N.D. Cal. Feb. 4, 2015) ("The petition has no proof of service but does have a verification sheet dated December 11, 2013. The petition came to the Court in an envelope

On January 13, 2016, this Court issued an Order (Doc 16) adopting the R&R and dismissing the action with prejudice for lack of prosecution and failure to comply with court order. *See Wolff v. State of California*, No. ED CV 15–00244–VBF Doc. 16, 2016 WL 183642 (C.D. Cal. Jan. 13, 2016). On the same date, this Court entered final judgment in favor of the defendants and against plaintiff Wolff. *See Wolff*, No. ED CV 15–00244–VBF Doc. 17, 2016 WL 183642. Plaintiff did not file a Fed. R. Civ. P. 59(e) motion for reconsideration in this Court within the time allotted for doing so, nor did he notice an appeal to the United States Court of Appeals for the Ninth Circuit within the time allotted for doing so.

**On February 6, 2017, more than one year after the entry of final judgment, the Clerk's Office *of the U.S. Court of Appeals for the Ninth Circuit in San Francisco* received a 27–page document from plaintiff dated January 26, 2017 and entitled "Motion for En Banc Hearing on Rule 60(b)(1)(3) [sic] Motion."** The tenth page of this document consists of a "California Institution for Men Proof of Service" stating that plaintiff presented the document to prison staff for mailing *to the Clerk of the U.S. Court of Appeals in San Francisco*, not this Court, six days earlier, on January 31, 2017. According to the photocopy of the envelope that is in the record (27th and last page of the instant submission)—which is somewhat blurry— the Ninth Circuit Clerk's Office in San Francisco mailed the document to our Court's Clerk's Office in Los Angeles last Thursday, February 9, 2017 (according to the postmark). Earlier today our Clerk's Office alerted the undersigned to our receipt of plaintiff's Rule 60(b) motion.

## A FED. R. CIV. P. 60(b) MOTION BELONGS ONLY IN U.S. DISTRICT COURT, NOT IN A FEDERAL COURT OF APPEALS

As noted, plaintiff mailed his FRCP 60(b) motion to the U.S. Court of Appeals. On page one, the motion lists the document as one for filing in the "UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT" and states, "Plaintiff is entitled to this ruling on this motion and respectfully request[s] the Ninth Circuit consider and rule on this motion." Also on page one, plaintiff asks for an "en banc hearing" of his FRCP

---

postmarked December 20, 2013, was stamped 'received' on December 24, 2013, and was stamped 'filed' on January 3, 2014. Applying the prison mailbox ... rule, the Court assumes ... Williams gave his petition to prison officials for mailing on the date he signed it, and deems the petition to have been filed as of December 11, 2013."). " 'It is generally contrary to the Prison Mailbox Rule to use a later date—such as the date the U.S. Postal Service postmarked the envelope or the date the Court Clerk's Office stamped the envelope 'received'—as an incarcerated *pro se* party's filing date.' " *Bautista v. Hatton*, 2016 WL 6137405, *5 n.2 (C.D. Cal. Oct. 19, 2016) (citation omitted).

Nonetheless, a court need not treat a document as filed on the date it was purportedly submitted to prison staff for mailing, when the gap between that date and the postmark date is so long that the claimed submission date appears implausible. If the prisoner alleges that he gave a document to staff for mailing on a certain date and the envelope was not postmarked by the Post Office until weeks later, the Court might reasonably conclude—absent evidence to the contrary beyond the prisoner's mere assertion, such as a prison outgoing-mail log—that the prisoner submitted the document for mailing later than he claimed he did. Here, Wolff alleges that he gave the extension request to staff for mailing *seventeen days* before the Post Office postmarked it. At this time the Court expresses no opinion and makes no finding as to the date on which plaintiff actually tendered the extension request to prison staff. The parties may address the issue in their briefs on plaintiff's instant FRCP 60(b) motion.

60(b) motion, a type of consideration that applies only in the U.S. Court of Appeals, not in a federal district court. *See* Ninth Circuit Rule ("9th Cir. R.") 35–1 (Petition for Rehearing En Banc); 9th Cir. R. 35–2 (Opportunity to Respond); and 9th Cir. R. 35–3 (Limited En Banc Court).

■ **Federal Rule of Civil Procedure 60(b), however, is only a vehicle for asking *a* federal *district* court to vacate or modify a judgment on one of the grounds enumerated in that rule, not a federal *circuit* court.** As the Ninth Circuit has stated, "Rule 60(b) motions may be filed in either the district court which issued the judgment or order, or in a district court located in a district where the judgment or order has been registered for enforcement." *Ord v. United States*, 8 Fed. Appx. 852 (9th Cir. 2001) (citing *FDIC v. Aaronian*, 93 F.3d 636, 639 (9th Cir. 1996)); *see also Moore v. Mortgage Electronic Registration, Inc.*, 650 Fed.Appx. 406, 407 (9th Cir. 2016) ("Although *a motion under Federal Rule of Civil Procedure* 59(e) or *60(b) can extend the time to file a notice of appeal, such motion must be filed in the district court* within 28 days of entry of judgment.") (citing, *inter alia*, Fed. R. App. P. 4(a)(4)(A) and *United States v. Comprehensive Drug Testing, Inc.*, 513 F.3d 1085, 1097–1101 (9th Cir. 2008), adopted in pertinent part, 621 F.3d 1162, 1167 (9th Cir. 2010) (en banc) (per curiam)) (italics added).

*Accord Palacio v. United States*, 219 Fed.Appx. 811, 812 (**10th Cir.** 2007) ("A motion under Fed. R. Civ. P. 60(b) must be filed must be filed in the court rendering judgment, which, in this case, would be the District Court for the Central District of California.") (citing *Cessna Finance Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983) and 12 James William Moore et al., Moore's Federal Practice section 60.60 (3d ed. 2006)); *cf., e.g., Silberline Mfg. Co., Inc. v. Int'l*

*Nickel Co., Inc.,* 569 F.2d 1217, 1221 n.1 (3d Cir. 1977) ("The dismissal of the appeal will enable *the district court* to consider *any motion under F.R. Civ.P. 60(b) which has been, or may be, filed.*") (emphasis added); *Cascella v. Canaveral Port District,* 197 Fed.Appx. 839, 842 (**11th Cir.** 2006) ("'A motion [under Rule 60(b)] for relief from final judgment must be filed in the district court and in the action in which the original judgment was entered.'") (quoting *Bankers Mortgage Co. v. United States,* 423 F.2d 73, 78 with n.9 (**5th Cir.** 1970) (citing Advisory Committee Note of 1946 to FRCP 60(b))) (bracketed text added by *Cascella*), *reh'g & reh'g en banc denied,* 231 Fed.Appx. 945 (11th Cir. 2007).

■ **Accordingly, plaintiff's Fed. R. Civ. P. 60(b) motion for relief from this Court's January 13, 2016 final judgment is properly before this District Court, not the U.S. Court of Appeals.** *Accord Gonzalez v. Secretary for Dep't of Corrections,* 366 F.3d 1253, 1264 (11th Cir. 2004) ("Rule 60(b) motions must be filed in the district court, not in this Court, and nothing we say is intended to suggest anything to the contrary. * * * We change nothing about where Rule 60(b) motions must be filed, which is in the district court."), *aff'd on other grounds sub nom. Gonzalez v. Crosby,* 545 U.S. 524, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005). United States Court of Appeals review of the timeliness, propriety, and merit of this motion for relief from judgment may be available only if this Court ultimately dismisses or denies the Rule 60(b) motion and plaintiff files a timely notice of appeal from that decision.

Consequently, the Court has directed the Clerk's Office to accept and docket plaintiff's FRCP 60(b) motion, and it has been filed in this case as Document # 18. The Court would benefit from a fuller exposition of the parties' views, so it will require the defendants to respond and then permit plaintiff to reply.

## ORDER

No later than Friday, March 17, 2017, defendants **SHALL FILE** a brief responding to plaintiff's Fed. R. Civ. P. 60(b) motion for relief from judgment.

No later than Friday, April 14, 2017, plaintiff **MAY FILE** a reply brief.

The parties' briefs shall address these issues:

(1) whether the motion is untimely[2];

(2) whether plaintiff's failure to appeal from the judgment bars him from seeking relief from the judgment under FRCP 60(b)[3]; and

(3) whether the motion has merit if it is timely and not barred by the failure to appeal.

IT IS SO ORDERED.

---

**2.** *See Inland Concrete Enterprises, Inc. v. Rune Kraft,* No. LA CV 10–01776–VBF Doc. 304, 318 F.R.D. 383, 406–10, 2016 WL 7176692, *22–*26 (C.D. Cal. Aug. 24, 2016) ("*Inland Concrete*") (dismissing FRCP 60(b) motion with prejudice because, *inter alia*, it was untimely).

**3.** *See Inland Concrete,* 318 F.R.D. at 410–15, 2016 WL at *27–*31 (dismissing 60(b) motion because it was barred by movant's failure to appeal from the challenged judgment).