# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1461

_____

| | | |
|---|---|---|
| Sharon Elder-Keep, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| v. | * | Appeal from the United States |
| | * | District Court for the |
| Troy Aksamit, Individual capacity; | * | District of Nebraska. |
| Jerome Thraen, Sgt., Individual | * | |
| capacity and in their official | * | [UNPUBLISHED] |
| capacities as Police Officers; | * | |
| City of Lincoln, | * | |
| | * | |
| Appellees. | * | |

_____

Submitted: November 12, 2007
Filed: November 19, 2007

_____

Before RILEY, BOWMAN, and SMITH, Circuit Judges.

_____

PER CURIAM.

Sharon Elder-Keep is pursuing a 42 U.S.C. § 1983 civil rights action against the City of Lincoln, Nebraska, and Lincoln police department employees Troy Aksamit and Jerome Thraen (collectively, Defendants or Appellees) on behalf of her late husband, David Keep.[1]  She appeals from the orders of the District Court[2] denying her

_____

[1]David Keep died on December 21, 2004.  As Keep's widow and the administrator of his estate, Elder-Keep was substituted as plaintiff. See Elder-Keep

motion for relief from judgment filed under Rule 60(b) of the Federal Rules of Civil Procedure and her motion for reconsideration. We affirm.

This case is before us for the second time. See Elder-Keep v. Aksamit, 460 F.3d 979 (8th Cir. 2006) (Elder-Keep I). In the first appeal, Elder-Keep challenged the exclusion of two unverified affidavits that she filed electronically with her response to Aksamit and Thraen's motion for summary judgment. The District Court had ruled the affidavits inadmissible even though the Defendants had not objected to them. Without considering the affidavits, the court then entered summary judgment for Aksamit and Thraen in their individual capacities. We concluded that the District Court did not err in sua sponte excluding the affidavits. Id. at 984. We also affirmed the court's denial of several of Elder-Keep's motions, including a motion for relief from judgment or order filed under Rule 60(b) (which the court treated as a motion for reconsideration under the local rules, having determined there was no final judgment as required for the filing of the Rule 60(b) motion) and a motion for reconsideration. Id. at 984–85. Finally, we affirmed the order granting summary judgment to the City of Lincoln and to Aksamit and Thraen in their official capacities. Id. at 986–87.

After our opinion in Elder-Keep I was filed (but before the mandate issued), Elder-Keep filed another motion under Rule 60(b) with the District Court, essentially seeking the same relief, but this time from a final judgment. The District Court denied the motion as untimely, finding that it was not filed within the "reasonable time" required by the Rule. After that denial, Elder-Keep again filed a motion for reconsideration, which the court also denied.

---

v. Aksamit, 460 F.3d 979, 981 n.1 (8th Cir. 2006).

[2]The Honorable Laurie Smith Camp, United States District Judge for the District of Nebraska.

Elder-Keep is ostensibly appealing from the District Court's orders addressing her post-Elder-Keep I motions, but her brief rehashes a number of issues that were raised and resolved in the first appeal, primarily related to the exclusion of the affidavits. Those issues are governed by the established law of the case, and we will not consider them again. See Arizona v. California, 460 U.S. 605, 618 (1983).[3]

As for the District Court's most recent Rule 60(b) rulings, we review for abuse of discretion. Noah v. Bond Cold Storage, 408 F.3d 1043, 1045 (8th Cir. 2005) (per curiam). Elder-Keep asserts that the District Court erred in denying the motion on a ground not raised by the Defendants and that in any event, her motion was not untimely because her pending appeal (in Elder-Keep I) tolled the time for filing her motion. We hold that the District Court did not abuse its discretion in denying Elder-Keep's latest Rule 60(b) motion or her subsequent motion for reconsideration.

A cursory reading of Elder-Keep's Rule 60(b) motion reveals that Elder-Keep herself invited the District Court to rule on the timeliness of her motion by making the tolling argument she now raises on appeal. Moreover, the Rule itself declares the "reasonable time" limit beyond which a court cannot grant relief from judgment, and the District Court could not ignore that. The court properly decided the question of timeliness, notwithstanding the Defendants' failure to raise it. As for Elder-Keep's tolling argument, we have noted that "the time during which an appeal is pending is counted when determining whether a motion was filed within a reasonable time." Nucor Corp. v. Neb. Pub. Power Dist., 999 F.2d 372, 374 (8th Cir. 1993). The District Court determined that the total delay, including the time during which the first appeal was pending, was unreasonable, and we cannot say that decision was an abuse of the District Court's discretion.

---

[3]For the same reason, the Appellees' motion for partial dismissal, filed after Elder-Keep filed her notice of appeal in this case, is granted to the extent the motion seeks to dismiss issues already decided by this Court.

But even if Elder-Keep's second Rule 60(b) motion had been timely filed, the merits of the motion are the same as those raised in her first motion, rejected by the District Court, and reviewed by this Court in Elder-Keep I. That is, Elder-Keep once again challenges the exclusion of the two unverified affidavits, and we have already decided the question against her. The District Court was bound, as we have said, by the law of the case and could not have granted Elder-Keep what would have amounted to a rehearing of our decision.

For her final issue on appeal, Elder-Keep acknowledges that our review of the District Court's decision on her Rule 60(b) motion is only for an abuse of that court's discretion, but she believes that the facts of her case call for a de novo review. According to Elder-Keep, we "should utilize the de novo standard of review on the threshold question of tolling and the statute of limitations issue with respect to the timeliness under Rule 60(b) and if the Court finds that tolling and/or compliance with the time requirements did occur, then the Court moves forward to the substantive questions under Rule 60(b)(1) and (b)(6)." Br. of Appellant at 15. To the extent Elder-Keep is arguing that we must be vigilant for errors of law in a Rule 60(b) ruling, we do not disagree. An abuse of discretion may be found if "the district court's judgment was based on clearly erroneous fact-findings or erroneous conclusions of law." Noah, 408 F.3d at 1045. But as we have explained, the District Court committed no such errors in ruling on the Rule 60(b) motion. Further, relying on the law of the case, we also reject Elder-Keep's contention that we "should utilize the de novo standard of review on the threshold questions of waiver/estoppel as related to the sua sponte actions of the lower court in connection . . . with the granting of the first summary judgment." Br. of Appellant at 15. We say again, that case is closed.

The judgment of the District Court is affirmed.

_____