UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 08-1311

WILLIAM HAWKINS; ERIC KELLER; THOMAS ZATO; KRISTOF GABOR;
JUSTIN PANCHLEY,

           Plaintiffs - Appellees,

     v.

LASZLO BORSEY; MEDIAWARE CORPORATION; MEDIA TECHNIK KFT.,

           Defendants – Appellants,

     and

SAM BLACK; DMCC KOMMUNIKACIOS RT.; PETERFIA KFT.,

           Defendants.

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria. Leonie M. Brinkema,
District Judge. (1:05-cv-01256-LMB-TRJ)

Submitted: October 28, 2008     Decided: November 24, 2008

Before NIEMEYER, SHEDD, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Jeffrey R. Gans, THELEN REID BROWN RAYSMAN & STEINER, LLP,
Washington, D.C., for Appellants. Creighton R. Magid, DORSEY &
WHITNEY, LLP, Washington, D.C., for Appellees.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Appellants appeal from the district court's order denying their Fed. R. Civ. P. 60(b)(4) motion, which asserted that a prior default judgment entered against them was void for lack of subject matter jurisdiction. We affirm.

When reviewing a Rule 60(b) motion, we do "not review the merits of the underlying order; [but rather] only review the denial of the motion with respect to the grounds set forth in Rule 60(b)." MLC Auto. v. Town of S. Pines, 532 F.3d 269, 277 (4th Cir. 2008). Moreover, it is well-settled that "a Rule 60(b) motion seeking relief from a final judgment is not a substitute for a timely and proper appeal." Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993). Thus, in cases where a movant makes a "considered choice" not to appeal, he cannot be relieved of that choice merely because hindsight demonstrates that his decision to forego a timely appeal was probably wrong. See Ackermann v. United States, 340 U.S. 193, 198 (1950). While lack of subject matter jurisdiction can render a judgment "void" for purposes of Rule 60(b)(4), such is the case only when the jurisdictional error is "egregious" and there was no arguable basis on which a finding of jurisdiction could be based. See Wendt v. Leonard, 431 F.3d 410, 412-13 (4th Cir. 2005). In practice, a "federal

3

court judgment is almost never void because of lack of federal subject matter jurisdiction." Id. at 413.

Here, Appellants failed to appeal the entry of default judgment. In addition, their history of litigating portions of the case and then failing to respond during other portions shows that the decision not to appeal was a conscious choice. Thus, Appellants' motion was simply an untimely attempt to appeal the final judgment. Moreover, Appellants' own statements that Mediaware's principal place of business was Hungary certainly provided an arguable basis to conclude that there was diversity of citizenship.

Because this case does not come close to showing an egregious lack of subject matter jurisdiction, we affirm the district court's denial of the Rule 60(b) motion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED