**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DENNIS PATRICK MCKNIGHT, | No. 08-17488 |
| Petitioner - Appellant, | D.C. No. 2:05-cv-02262-LKK-EFB |
| v. | |
| DWIGHT W. NEVEN,** Warden, High Desert State Prison, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence K. Karlton, District Judge, Presiding

Submitted February 12, 2010***
San Francisco, California

Before: O'SCANNLAIN, TROTT and PAEZ, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Circuit Rule 36-3.

\*\* Dwight W. Neven is substituted for his predecessor, Tom Felker, as Warden, High Desert State Prison, pursuant to Federal Rule of Appellate Procedure 43(c)(2).

\*\*\* The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

In 2005, Dennis McKnight filed a petition for writ of habeas corpus in federal district court. On July 5, 2006, the district court dismissed McKnight's petition without prejudice because it contained both unexhausted and exhausted claims. On January 17, 2008, McKnight filed a motion under Federal Rule of Civil Procedure 60(b), requesting relief from the dismissal of his habeas petition. The district court held that the motion was "jurisdictionally barred" under Rule 60(c)(1) because it was filed more than one year after the entry of judgment. McKnight timely appeals, arguing that his motion should have been treated as timely.

McKnight concedes that the one-year limit set forth in Rule 60(c)(1) governs the timeliness of his Rule 60(b) motion, and that he filed his motion more than one year after the entry of judgment. He contends, however, that the district court erred in construing the one-year limit as a "jurisdictional" requirement. He further contends that because the one-year limit is not "jurisdictional," the district court erred in concluding that it lacked discretion to treat his motion as timely. We disagree.

Federal Rule of Civil Procedure 6(b)(2) expressly provides that "[a] court must not extend the time to act under [Rule] 60(b)."[1]  Thus, regardless of whether the one-year limit is "jurisdictional," it must be strictly enforced.  Given the plain meaning of Rule 6(b)(2), the district court did not err in concluding that it lacked discretion to bend the one-year limit to treat McKnight's Rule 60(b) motion as timely.  The district court properly held that his motion was time-barred under Rule 60(c)(1).  Accordingly, the judgment of the district court is

**AFFIRMED.**

---

[1]      Rule 6(b)(2) was recently amended, but the amendment did not change the substance of the rule.  Former Rule 6(b)(2) provided: "A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b), except as those rules allow."  As amended on December 1, 2009, Rule 6(b)(2) provides: "A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), (d), and (e), and 60(b)."  The clause "except as those rules allow" was deleted as "meaningless," because none of the rules listed—including Rule 60(b)—allowed the court to extend the time to act.  Report of the Civil Rules Advisory Committee, May 25, 2007 (rev. June 29, 2007), at 14, *available at* http://www.uscourts.gov/rules/proposed0807/CV_TC_Memo_5_25_07.pdf.  Because the substance of Rule 6(b)(2) was not changed, we find it "just and practicable" to apply the amended version of the rule here, and thus do so.  Order, 2009 U.S. Order 17 (Mar. 26, 2009) ("[T]he foregoing amendments to the Federal Rules of Civil Procedure shall take effect on December 1, 2009, and shall govern in all proceedings thereafter commenced and, insofar as just and practicable, all proceedings then pending.").