CLD-291                                                     **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1156
_____

BETTY HIBBARD,
                                        Appellant

v.

PENN-TRAFFORD SCHOOL DISTRICT
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civ. No. 13-cv-00622)
District Judge: Joy Flowers Conti
_____

Submitted on a Motion for Summary Affirmance
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
and/or to Quash the Appeal as Untimely
August 6, 2015

Before:  FUENTES, GREENAWAY, JR. and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed: August 13, 2015)
_____

OPINION*
_____


PER CURIAM


_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Betty Hibbard appeals from orders of the District Court dismissing her complaint with prejudice and denying her motion for reconsideration. For the reasons that follow, we will grant the appellee's motion and dismiss the appeal in part for lack of jurisdiction and summarily affirm in part to the extent of our jurisdiction.

Hibbard, a 64 year-old fifth-grade teacher, filed a complaint against her former employer, the Penn-Trafford School District ("School District"), in the United States District Court for the Western District of Pennsylvania. Hibbard had attempted unsuccessfully to return to teaching following a two-year medical leave. In her complaint she alleged that the School District discriminated against her based upon (1) her age, in violation of the Age Discrimination in Employment Act, 29 U.S.C. § 621 et seq.; (2) a disability, in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.; and (3) her gender, in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et seq. Hibbard also alleged violations of the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. Ann. § 955(a), and she included retaliation and due process claims in her complaint. The School District moved to dismiss the complaint for failure to state a claim upon which relief may be granted, Fed. R. Civ. P. 12(b)(6), and for pleading deficiencies, Fed. R. Civ. P. 8(a).

In a thorough Memorandum Opinion filed on February 19, 2014, the District Court granted the School District's motion and dismissed Hibbard's complaint with prejudice but granted her leave to amend. Specifically, the District Court explained that Hibbard's disability claim was inadequately pled under Fed. R. Civ. P. 8(a) because she had merely recited the elements of a disability cause of action; she did not allege any

2

facts concerning *her* disability or her qualifications to perform the essential functions of her job, with or without reasonable accommodations from the School District.[1]  The Court explained that Hibbard's gender/sexual harassment claim was inadequately pled because she had alleged no facts to suggest that any employee within the School District had engaged in any sexually improper behavior of any kind toward her.  The Court also explained the pleading deficiencies in Hibbard's complaint with respect to her retaliation and due process claims.

The District Court devoted most of its attention to Hibbard's seemingly more substantial age discrimination claim and specifically to the issue whether she had suffered an adverse employment action.  Hibbard alleged that she had been on a medical sabbatical when, in July of 2010, she tried to return to her job as a teacher.  She received medical clearance from her personal physician, but the School District, although it approved her return to teaching, did so on the condition that she get approval from a School District physician to return to work.  There was a delay in getting the required clearance from the School District-approved physician, but Hibbard finally returned to her position as a teacher on September 24, 2010, albeit a month after the start of the school year.  Hibbard alleged in her complaint that Director of Human Resources, Ramona Pope, interfered with her return to work by orchestrating the medical clearance

---

[1] To this correct determination made by the District Court, we would add that Hibbard did not allege that she had exhausted her administrative remedies with respect to her disability discrimination claim; rather, she alleged only that she had exhausted her administrative remedies with respect to her age and gender discrimination claims. Complaint, at ¶ 9.  After a plaintiff files a charge against an employer and subsequently receives a right-to-sue letter, her suit is limited to claims that are within the scope of the initial administrative charge.  See Antol v. Perry, 82 F.3d 1291, 1296 (3d Cir. 1996).

obstacle and falsely accusing her of telephone harassment. Once back in her position, Hibbard alleged that she was subjected to an onerous and arbitrary Performance Improvement Plan ("PIP"), which her union representative urged her not to sign. Hibbard further alleged that, at the end of the day on October 1, 2010, Principal Jeffrey Swartz revealed his intention to terminate her for unsatisfactory performance. Hibbard resigned and retired instead. But on December 27, 2010, she wrote to school Superintendent Deborah J. Kolonay and asked that her letter of resignation be rescinded. The request was denied. Hibbard alleged in her complaint that Principal Swartz orchestrated her "constructive" discharge.

In addressing whether Hibbard had made out a prima facie case of age discrimination, see generally Smith v. Allentown, 589 F.3d 684, 689-90 (3d Cir. 2009), and thus could survive dismissal of her complaint under Rule 12(b)(6), the District Court concluded that the School District took no adverse action against her in connection with her age. The Court reasoned that neither the PIP, nor the threat to terminate her, nor the refusal to rescind her resignation, constituted actionable adverse employment actions, and that, furthermore, Hibbard's decision to resign and retire was voluntary because the conditions imposed on her by the School District were not so intolerable and discriminatory that a teacher of reasonable sensitivity would be forced to resign.[2] The

---

[2] We note that, although "something less than a discharge could be an adverse employment action," a plaintiff must be able to point to a significant action, such as a demotion, involuntary transfer, or loss of other tangible benefits, in order to show that she was constructively discharged. See Jones v. School District of Philadelphia, 198 F.3d 403, 411-12 (3d Cir. 1999). An adverse or "tangible" employment action is "a significant change in employment status, such as hiring, firing, failing to promote, reassignment with

4

Court further concluded that Hibbard's resignation did not occur under circumstances which raised an inference of unlawful age discrimination, because she did not allege that she was replaced by a younger employee. Hibbard referred to a "long-term substitute" who had replaced her at the beginning of the school year, but she did not allege that this substitute was younger than she.

The District Court gave Hibbard 30 days to amend her complaint, and advised her that, after that time, if she failed to correct the deficiencies in her complaint, it would be dismissed with prejudice. Within 30 days of the Court's order, Hibbard filed a one-page motion to amend, and over 200 pages of documents pertaining to her claim.[3] Hibbard then filed a "motion for judgment," which consisted of an eight-page letter to the Court, in which she explained that she had taken a "medical sabbatical" following the death of her mother in 2007, and in which she reiterated that the PIP was "severe[ly] undoable." On April 8, 2014, the District Court denied Hibbard's motion for leave to amend. The Court gave Hibbard another 30 days to identify plausible claims for relief, and specifically directed her to attach a proposed amended complaint to her motion to amend.

Within the time required by the District Court, Hibbard submitted a motion for

---

significantly different responsibilities, or a decision causing a significant change in benefits." Burlington Industries, Inc. v. Ellerth, 524 U.S. 742, 761 (1998).

[3] Hibbard included with her attachments her resume and personal history and her Pennsylvania Human Relations Commission ("PHRC") case file, among many other items. We note that her PHRC case file showed that the School District, at the administrative level, defended against her claim of gender and age discrimination by asserting that she was unwilling to meet the requirements of the PIP, and, after a very short period of time upon returning to her classroom duties, chose to voluntarily exercise her right to retire and receive a pension through the Pennsylvania State Employee Retirement System.

leave to amend and a three-page proposed "Second Amended Complaint." In that proposed amended complaint, Hibbard asserted that she was on paid medical leave for one year when she requested that her leave be extended. She was granted additional unpaid leave. Her disability benefits ran out and so she decided to return to work, at which point the School District tried to block her return. She asserted that "a retirement official" advised her "to return to work for even one day," and that she "knows returning increases [the] average last three years of salary." She further asserted that the School District boasted in a newspaper article about discharging older teachers for younger, cheaper personnel. Hibbard stated:

> Defendant places pressure on plaintiff to retire at 62, misdirects plaintiff from returning. Defendant speaks arrogantly and inappropriately to the plaintiff before the students? Plaintiff refers to this as age and gender bias, and "it is illegal to harass a woman by making offensive comments about a woman in general, EEOC."

Proposed Second Amended Complaint, at 2 (Docket Entry No. 26-2). Hibbard later wrote to the District Court, asking for mediation and a case management conference.

In an order entered on October 31, 2014, the District Court denied Hibbard's motion for leave to amend and denied her request for mediation. The District Court concluded that Hibbard's proposed amended complaint made only general references to age and gender discrimination, and her medical leave issues, and thus still fell short of the requirements for pleading a plausible claim under the Rules of Civil Procedure. The Court declined to give Hibbard any additional time, concluding that any further amendments would be futile. The District Court dismissed the case with prejudice.

6

Hibbard then filed a second request for mediation, which the District Court denied as moot in light of its October 31 order dismissing the case with prejudice.

On December 4, 2014, Hibbard filed an item titled "Civil Action Ad Addendum," in which, on page 1, she succinctly stated her claim as follows: "Defendant obstructs and denies plaintiff's return to the classroom from a district-approved medical sabbatical." Hibbard further noted that she had twice been asked to amend her complaint and that she had twice attempted to clarify and restate her case. The District Court construed this submission as a motion for reconsideration, see Fed. R. Civ. P. 59(e), of its October 31 order dismissing her case with prejudice and order denying as moot her second request for mediation. In an order entered on December 22, 2014, the District Court denied reconsideration on the ground that Hibbard had failed to meet the requirements for reconsideration as set forth in Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).

On January 14, 2015, Hibbard filed a notice of appeal from both the October 31 and December 22 orders of the District Court, resulting in the instant appeal. The appellee School District has moved for summary affirmance pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 and/or to quash the appeal as untimely filed. Hibbard has submitted a response in opposition, which we have considered.

We will dismiss the appeal for lack of jurisdiction to the extent that it is taken from the District Court's October 31, 2014 order. We lack jurisdiction over untimely appeals in civil actions. Bowles v. Russell, 551 U.S. 205, 214 (2007) (timely filing of notice of appeal in civil case is jurisdictional requirement). Federal Rule of Appellate

7

Procedure 4(a)(1)(A) provides that a notice of appeal must be filed within 30 days after entry of the judgment. The District Court dismissed Hibbard's case with prejudice and determined that any amendment would be futile in an order entered on October 31, 2014. Hibbard had 30 days from that date in which to appeal. Her January 14, 2015 notice of appeal was untimely by more than a month. A timely filed motion for reconsideration under Federal Rule of Civil Procedure 59(e) will toll the time for taking an appeal until the Court disposes of the motion. Fed. R. App. P. 4(a)(4)(A)(iv). A motion pursuant to Rule 59(e) "must be filed no later than 28 days after entry of judgment." Fed. R. Civ. P. 59(e). Hibbard's December 4, 2014 motion for reconsideration did not toll the time for taking an appeal because it was not filed within 28 days of the October 31 order. Id.[4] An untimely Rule 59(e) motion, even one that was not objected to in the District Court, does not toll the time to file a notice of appeal. Lizardo v. United States, 619 F.3d 273, 280 (3d Cir. 2010). Accordingly, we will dismiss Hibbard's appeal from the District Court's October 31 order for lack of appellate jurisdiction.

We have jurisdiction over the District Court's December 22 order if Hibbard's December 4 motion is treated also as a Rule 60(b) motion; her notice of appeal was filed within 30 days of that order. To this extent, we will summarily affirm the District Court's December 22 order because no substantial question is presented by the appeal. Third Circuit LAR 27.4 and I.O.P. 10.6. Rule 60(b) provides for relief from a final judgment only for the following reasons: "(1) mistake, inadvertence, surprise, or

---

[4] The motion is dated November 28, 2014 and thus likely was mailed before December 4, but the "mailbox" rule applies only to incarcerated persons. Cf. Burns v. Morton, 134 F.3d 109, 111 n.2 (3d Cir. 1998) (discussing Fed. R. App. P. 4(c)).

8

excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, … misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged … ; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b). Hibbard's December 4 motion does not allege that the judgment should be reopened for any of the reasons set forth in subparagraphs (1)-(5). Accordingly, we will consider only whether the October 31 judgment may be reopened under Rule 60(b)(6).

Under Rule 60(b)(6), a judgment may be reopened only upon a showing of extraordinary circumstances. See Moolenaar v. Gov't of Virgin Islands, 822 F.2d 1342, 1346 (3d Cir. 1987). Hibbard alleged nothing extraordinary in her December 4 motion that would warrant reopening the judgment. She simply expressed her disagreement with the District Court's three decisions, and reiterated that her financial losses had been many. In her summary action response, she argues that the District Court disregarded "hundreds of pages of documentation," Response, at 2, but it is not the job of the District Court to sift through hundreds of pages of documents in search of a plausible claim.

In Martinez-McBean v. Gov't of Virgin Islands, 562 F.2d 908 (3d Cir. 1977), we emphasized that it is not proper to grant relief under Rule 60(b)(6) "if the aggrieved party could have reasonably sought the same relief by means of appeal." Id. at 911. In that case, a discharged teacher filed a civil action pro se and the issue was whether his employer had complied with the statute which prescribes the procedure for the dismissal of employees of the Virgin Islands. The District Court initially dismissed the action but

9

then reopened it two years later under Rule 60(b)(6); the Court was concerned that it had been impatient with the teacher-litigant's lack of legal skills. Id. at 912. We observed that, "[w]hile it is true that the right of self-representation 'is not a license (excusing compliance) with relevant rules of procedural and substantive law,' if a pro se litigant did not understand that errors committed by the district court could be reviewed on appeal, it might be appropriate under some circumstances to grant relief from the district court's order or judgment under Rule 60(b)(6)." Id. at 912-13 (quoting Faretta v. California, 422 U.S. 806, 835 n.46 (1975)). We reversed, however, because the teacher-litigant was not an uninformed novice and the same is true of Hibbard. Here, the conclusion is inescapable that Hibbard made a considered decision not to appeal the October 31 order, notwithstanding that it was the third time the District Court had rejected her complaint as inadequate, and to instead file the December 4 "Civil Action Ad Addendum," in which she stubbornly reiterated that she had been harmed and that she was entitled to money damages. There was thus no proper basis for the District Court to reopen the judgment under Rule 60(b)(6).

For the foregoing reasons, we will grant the appellee's motion and dismiss the appeal in part for lack of jurisdiction and summarily affirm in part to the extent of our jurisdiction.