**Herbert WOLFF, Plaintiff,**

v.

**State of CALIFORNIA et al., Defendants.**

**Case No. ED CV 15–00244–VBF**

United States District Court, C.D. California.

Signed February 22, 2017

Herbert Wolff, Chino, CA, pro se.

## ORDER

Dismissing Plaintiff's F.R.C.P. 60(b) Motion for Relief from Judgment With Prejudice As Late and Barred by Failure to Appeal

Valerie Baker Fairbank, Senior United States District Judge

**This was a civil-rights action under 42 U.S.C. section 1983. For the reasons that follow, the Court will dismiss plaintiff's Fed. R. Civ. P. 60(b) motion for relief from judgment with prejudice.**

Proceeding *pro se*, California state prisoner Herbert Wolff ("plaintiff") initiated this action on February 9, 2015, by filing a complaint (Doc 1), along with a motion for appointment of counsel (Doc 2) and a request to proceed *in forma pauperis* ("IFP") (Doc 3). On February 11, 2015, District Judge Lew issued an Order (Doc 5) denying the IFP application with leave to amend within thirty days, and Magistrate Judge Sagar issued an Order (Doc 6) denying without prejudice the motion for appointment of counsel. The case was randomly reassigned to the undersigned District Judge by Order entered March 4, 2015 (Doc 7).

On April 23, 2015, Magistrate Judge Sagar issued an Order (Doc 8) dismissing the complaint without prejudice, authorizing plaintiff to amend his pleading within thirty days. That deadline elapsed on about May 23, 2015. More than two months later, still having received no amended complaint and no motion to extend the amendment deadline, the Magistrate Judge on August 3, 2015 issued an Order (Doc 10) directing plaintiff to show cause in writing, by September 2, 2015, why this action should not

be dismissed with prejudice for lack of prosecution and failure to comply with court order.

Nearly two months after the show-cause deadline elapsed, the Court had not received from plaintiff either a substantive response or a request to extend the show-cause deadline. Accordingly, on October 28, 2015, the Magistrate Judge issued a Report and Recommendation ("R & R") (Doc 12) recommending that the action be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) for lack of prosecution and failure to comply with court orders.

In response, plaintiff filed a document entitled "Objections to the Magistrate Judge's R & R" on November 18, 2015 (Doc 13). On November 19, 2015, the Magistrate Judge issued an Order (Doc 14) that construed the "Objections" as a request for more time to file an amended complaint; thus construed, the Magistrate Judge granted the request and directed plaintiff to file an amended complaint that rectified the deficiencies identified in the original complaint by December 21, 2015. The R & R and its recommendation of dismissal with prejudice for lack of prosecution remained pending.

Even after being granted this second extension of time in which to file a First Amended Complaint, the December 21, 2015 deadline came and went with no submissions by plaintiff.

On Monday, January 11, 2016, the Clerk's Office received a Request for Extension of Time from plaintiff in an envelope that had been postmarked by a United States Post Office in Santa Ana, California on Tuesday, January 6, 2016. See Doc 15–1 at 4. Although the envelope was not postmarked until Tuesday, January 6, 2016, plaintiff dated his extension request (Doc 15–1 at 1) and supporting declaration (Doc 15–1 at 2) "December 20, 2015" and attached a "California Institution for Men

Proof of Service by Mail" (Doc 15–1 at 3) alleging that he had given the envelope to prison staff for mailing *two and a half weeks* (seventeen days) before it was postmarked, on Wednesday, December 20, 2015. Yet at the bottom of the Proof of Service form, in the concluding section entitled "CIM Mailroom Acknowledgment of Mailing", all three lines were blank (a line entitled "Dated", a line apparently for the printed name of a prison employee entitled "Staff", and a line apparently for the employee's signature entitled "Signed").

On January 7, 2016, the Magistrate forwarded the R & R to the undersigned District Judge for ruling. See CM/ECF Docket, non-text "court-only" entry between Docs 14 and 15.

MAGISTRATE'S DETERMINATION THAT PLAINTIFF DID NOT REQUEST EXTENSION OF AMENDMENT TIME BEFORE EXISTING AMENDMENT DEADLINE

**On January 12, 2016, the Magistrate issued a Notice of Document Discrepancies (Form CV–104A) (Doc 15) rejecting the extension application for filing.** The Notice stated as follows, "FAC was due 12/21/15 … and no requests for extension were filed prior to [the] due date. His matter is under submission, and the Court will no longer accept any filings."

**Plaintiff did *not* appeal to the undersigned District Judge from the Magistrate's January 12, 2016 order finding that his extension application was filed after the December 21, 2015 amendment deadline.** See 28 U.S.C. section 636(b)(1)(A) ("A [district] judge of the court may reconsider any pretrial matter under this subparagraph (A) where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law.") and Fed. R. Civ. P. 72(a)—Magistrate Judges: Pretrial Order—Nondisposi-

tive Matters ("When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. * * * A district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law.").

**Because plaintiff Wolff was incarcerated and proceeding *pro se* when he attempted to file the request for extension of time in December 2015—January 2016, he was entitled to the benefit of the Prison Mailbox Rule.** *See Sudduth v. Soto*, No. LA CV 15–09038–VBF Doc. 28 at 5 (C.D. Cal. Sept. 20, 2016) (not yet on WestLaw).

■ **Under that rule, the Court was presumptively obligated to treat his extension request as constructively filed on the date on which plaintiff alleges he gave it to prison authorities.** *See Quezada v. Long*, 2016 WL 4063013, *3 n.2 (C.D. Cal. July 6, 2016) (citing *Hernandez v. Spearman*, 764 F.3d 1071, 1074 (9th Cir. 2014) (citing *Houston v. Lack*, 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988))); *see, e.g., United States v. Canfield*, 2016 WL 4926419, *1 (D. Minn. Sept. 15, 2016) ("To take advantage of this rule," the incarcerated party "must have 'actually deposited his legal papers' by his deadline and 'at some point attested to that fact in an affidavit or notarized statement.'") (quoting *Grady v. United States*, 269 F.3d 913, 918 (8th Cir. 2001)) (brackets omitted).

■ **"The Rule of *Houston* thus excludes from the time to file a [document] any time lost to delays caused by prison authorities in transmitting the** pro se prisoner's [document] to the district court", *Baker v. United States*, 670 F.3d 448, 457 (3d Cir. 2012), whether the delay was caused by prison staff conducting security screening, by staff or postal employees temporarily misplacing the envelope, or by any other factor beyond the prisoner's control. *See, e.g., Williams v. Davis*, 2015 WL 493807, *1 (N.D. Cal. Feb. 4, 2015) ("The petition has no proof of service but does have a verification sheet dated December 11, 2013. The petition came to the Court in an envelope postmarked December 20, 2013, was stamped 'received' on December 24, 2013, and was stamped 'filed' on January 3, 2014. Applying the prison mailbox . . . rule, the Court assumes . . . Williams gave his petition to prison officials for mailing on the date he signed it, and deems the petition to have been filed as of December 11, 2013."). " 'It is generally contrary to the Prison Mailbox Rule to use a later date—such as the date the U.S. Postal Service postmarked the envelope or the date the Court Clerk's Office stamped the envelope 'received'—as an incarcerated *pro se* party's filing date.' " *Bautista v. Hatton*, 2016 WL 6137405, *5 n.2 (C.D. Cal. Oct. 19, 2016) (citation omitted).

■ **Nonetheless, a court need not treat a document as filed on the date it was purportedly submitted to prison staff for mailing, when the gap between that date and the postmark date is so long that the claimed submission date appears implausible.** If the prisoner alleges that he gave a document to staff for mailing on a certain date and the envelope was not postmarked by the Post Office until weeks later, the Court might reasonably conclude—absent evidence to the contrary beyond the prisoner's mere assertion, such as a prison outgoing-mail log—that the prisoner submitted the document for mailing later than he claimed he did.

Here, Wolff alleges that he gave the extension request to staff for mailing *seventeen days* before the Post Office postmarked it. **But this Court need not make any finding as to the date on which plaintiff actually tendered the extension request to prison staff—which goes to the merits of his Rule 60(b) motion—because the motion must be dismissed on non-merits grounds as discussed below.**

On January 13, 2016, this Court issued an Order (Doc 16) adopting the R & R and dismissing the action with prejudice for lack of prosecution and failure to comply with court order. *See Wolff v. State of California,* No. ED CV 15–00244–VBF Doc. 16, —— F.Supp.3d ——, 2016 WL 183642 (C.D. Cal. Jan. 13, 2016). On the same date, this Court entered final judgment in favor of the defendants and against plaintiff Wolff. *See Wolff,* No. ED CV 15–00244–VBF Doc. 17, 2016 WL 183642. Plaintiff did not file a Fed. R. Civ. P. 59(e) motion for reconsideration in this Court within the time allotted for doing so, nor did he notice an appeal to the United States Court of Appeals for the Ninth Circuit within the time allotted for doing so.

PLAINTIFF WOLFF'S CURRENT MOTION FOR RELIEF FROM JUDGMENT

**On February 6, 2017, more than one year after the entry of final judgment, the Clerk's Office** *of the U.S. Court of Appeals for the Ninth Circuit in San Francisco* **received a 27–page document from plaintiff dated January 26, 2017 and entitled "Motion for En Banc Hearing on Rule 60(b)(1)(3) [sic] Motion."** The tenth page of this document consists of a "California Institution for Men Proof of Service" stating that plaintiff presented the document to prison staff for mailing *to the Clerk of the U.S. Court of Appeals in San Francisco,* not this Court, six days

earlier, on January 31, 2017. According to the photocopy of the envelope that is in the record (27th and last page of the instant submission)—which is somewhat blurry—the Ninth Circuit Clerk's Office in San Francisco mailed the document to our Court's Clerk's Office in Los Angeles last Thursday, February 9, 2017 (according to the postmark). *See* unnumbered pages 10 and 27 of Doc 18.

On about Wednesday, February 15, 2017, our Clerk's Office alerted the undersigned to our receipt of plaintiff's Rule 60(b) motion.

A FED. R. CIV. P. 60(b) MOTION BELONGS ONLY IN U.S. DISTRICT COURT, NOT IN A FEDERAL COURT OF APPEALS

■ As noted, plaintiff mailed his FRCP 60(b) motion to the U.S. Court of Appeals. On page one, the motion lists the document as one for filing in the "UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT" and states, "Plaintiff is entitled to this ruling on this motion and respectfully request[s] the Ninth Circuit consider and rule on this motion." Also on page one, plaintiff asks for an "en banc hearing" of his FRCP 60(b) motion, a type of consideration that applies only in the U.S. Court of Appeals, not in a federal district court. *See* Ninth Circuit Rule ("9th Cir. R.") 35–1 (Petition for Rehearing En Banc); 9th Cir. R. 35–2 (Opportunity to Respond); and 9th Cir. R. 35–3 (Limited En Banc Court).

■ **Federal Rule of Civil Procedure 60(b), however, is only a vehicle for asking** *a* federal *district* **court to vacate or modify a judgment on one of the grounds enumerated in that rule, not a federal** *circuit* **court.** As the Ninth Circuit has stated, "Rule 60(b) motions may be filed in either the district court which issued the judgment or order, or in a district

court located in a district where the judgment or order has been registered for enforcement." *Ord v. United States*, 8 Fed. Appx. 852 (9th Cir. 2001) (citing *FDIC v. Aaronian*, 93 F.3d 636, 639 (9th Cir. 1996)); *see also Moore v. Mortgage Electronic Registration Sys., Inc.*, 650 Fed. Appx. 406, 407 (9th Cir. 2016) ("Although *a motion under Federal Rule of Civil Procedure* 59(e) or *60(b)* can extend the time to file a notice of appeal, such motion *must be filed in the district court* within 28 days of entry of judgment.") (citing, *inter alia*, Fed. R. App. P. 4(a)(4)(A) and *United States v. Comprehensive Drug Testing, Inc.*, 513 F.3d 1085, 1097–1101 (9th Cir. 2008), adopted in pertinent part, 621 F.3d 1162, 1167 (9th Cir. 2010) (en banc) (per curiam)) (italics added).

*Accord Palacio v. United States*, 219 Fed.Appx. 811, 812 (10th Cir. 2007) ("A motion under Fed. R. Civ. P. 60(b) must be filed in the court rendering judgment, which, in this case, would be the District Court for the Central District of California.") (citing *Cessna Finance Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (**10th Cir.** 1983) and 12 James William Moore et al., <u>Moore's Federal Practice</u> section 60.60 (3d ed. 2006)); *cf., e.g., Silberline Mfg. Co., Inc. v. Int'l Nickel Co., Inc.*, 569 F.2d 1217, 1221 n.1 (3d Cir. 1977) ("The dismissal of the appeal will enable *the district court* to consider *any motion under F.R. Civ.P. 60(b) which has been, or may be, filed*.") (emphasis added); *Cascella v. Canaveral Port District*, 197 Fed.Appx. 839, 842 (**11th Cir.** 2006) (" 'A motion [under Rule 60(b) ] for relief from final judgment must be filed in the district court and in the action in which the original judgment was entered.' ") (quoting *Bankers Mortgage Co. v. United States*, 423 F.2d 73, 78 with n.9 (5th **Cir.** 1970) (citing Advisory Committee Note of 1946 to FRCP 60(b))) (bracketed text add-

ed by *Cascella*), *reh'g & reh'g en banc denied*, 231 Fed.Appx. 945 (11th Cir. 2007).

**Accordingly, plaintiff's Fed. R. Civ. P. 60(b) motion for relief from this Court's January 13, 2016 final judgment is properly before this District Court, not the U.S. Court of Appeals.** *Accord Gonzalez v. Secretary for Dep't of Corrections*, 366 F.3d 1253, 1264 (11th Cir. 2004) ("Rule 60(b) motions must be filed in the district court, not in this Court, and nothing we say is intended to suggest anything to the contrary. * * * We change nothing about where Rule 60(b) motions must be filed, which is in the district court."), *aff'd on other grounds sub nom. Gonzalez v. Crosby*, 545 U.S. 524, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005). United States Court of Appeals review of the timeliness, propriety, and merit of this motion for relief from judgment may be available only if this Court ultimately dismisses or denies the Rule 60(b) motion and plaintiff files a timely notice of appeal from that decision.

**Consequently, the Court has directed the Clerk's Office to accept and docket plaintiff's FRCP 60(b) motion, and it has been filed in this case as Document #18. The Court concludes, however, that the motion is untimely.**

<u>ANALYSIS: WOLFF'S RULE 60(b) MOTION IS BARRED BY HIS FAILURE TO APPEAL</u>

█ Wolff's motion states that he is seeking relief from judgment pursuant to Fed. R. Civ. P. 60(b)(1) and Fed. R. Civ. P. 60(b)(3). "A court of appeals typically can remedy a legal error committed by a district court", *Glacier Elec. Coop., Inc. v. Gervais*, 2015 WL 5437615, *2 (D. Mont. Sept. 15, 2015), and FRCP 60(b) is not meant to be a substitute for an appeal. *See US v. N.E. Med. Servs., Inc.*, 2016 WL 627417, *3 (N.D. Cal. Feb. 17, 2016) (citing *20th Century–Fox Film Corp. v. Dunnahoo*, 637 F.2d 1338 (**9th Cir.** 1981)); *accord*

*Borne v. River Parishes Hosp., LLC*, 548 Fed.Appx. 954, 959 (5th Cir. 2013) ("[A] Rule 60(b) motion may not be used as a substitute for timely appeal.") (citing *Latham v. Wells Fargo Bank, N.A.*, 987 F.2d 1199, 1203 (5th Cir. 1993) (collecting cases)); *Days Inns Worldwide, Inc. v. Patel*, 445 F.3d 899 (6th Cir. 2006) (" 'A party may not use a Rule 60(b)(4) motion as a substitute for a timely appeal.' ") (cite omitted)).[1]

"Accordingly, 'it is not proper to grant relief under' 60(b) 'if the aggrieved could have reasonably sought the same relief by means of appeal.' " *Inland Concrete Enterprises, Inc. v. Rune Kraft*, No. LA CV 10–01776–VBF Doc. 304, 2016 WL 7176692, *23, 318 F.R.D. 383 (C.D. Cal. Aug. 24, 2016) (Valerie Baker Fairbank, J.) ("*Inland Concrete*") (quoting *Hibbard v. Penn–Trafford Sch. Dist.*, 621 Fed.Appx. 718, 723 (3d Cir. 2015) (quoting *Martinez–McBean v. Gov't of V.I.*, 562 F.2d 908, 911 (3d Cir. 1977)), *reh'g denied* (3d Cir. Sept. 8, 2015)); *accord Williams v. Sahli*, 292 F.2d 249 (6th Cir. 1961); *Warren v. Uribe*, 2015 WL 8207526, *8 (E.D. Cal. Dec. 8, 2015) (60(b) may not be used to bring the underlying judgment up for review) (quoting *Harman v. Harper*, 7 F.3d 1455, 1458 (9th Cir. 1993)), *COA denied*, No. 16–15331 (9th Cir. Apr. 25, 2016).

"In other words, 'if the reason asserted for the Rule 60(b)[ ] motion could have been addressed on appeal from the judgment,' the motion must be denied 'as merely an inappropriate substitute for an appeal.' " *Inland Concrete*, 2016 WL 7176692 at *23, 318 F.R.D. at 407

(quoting *Aikens v. Ingram*, 652 F.3d 496, 501 (4th Cir. 2011) (citing, *inter alia*, 11 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, Federal Practice & Procedure § 2864 at 359–60 and n.25 (2d ed. 1995))). *See, e.g., Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000) ("A lack of subject-matter jurisdiction is not by itself a basis for deeming a judgment void, that is, open to collateral attack. For ordinarily that is a ground for reversal that can be presented to the appellate court on direct appeal.") (internal citations omitted).

The Supreme Court enshrined this principle in *Ackermann v. US*, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950). In *Ackermann*, a district court had issued judgment cancelling the Ackermanns' certificates of naturalization. After judgment, a co-defendant appealed, but the Ackermanns did not. After the Circuit granted relief to co-defendant on appeal, the Ackermanns filed a 60(b) motion. The district court denied the 60(b), and the Supreme Court affirmed. The Court reasoned that Ackermann "made a considered choice not to appeal" and that he "cannot be relieved of [the consequences] of such a choice because hindsight seems to indicate to him that his decision not to appeal was probably wrong." *Ackermann*, 340 U.S. at 194–95, 71 S.Ct. 209. *Accord Salazar v. DC*, 633 F.3d 1110, 1120 (D.C. Cir. 2011) ("Rule 60(b)(6) should be only 'sparingly used' and may not 'be employed simply to rescue a litigant from strategic choices that later turn out to be improvident.' ") (cite omitted).

1. *Accord Giroux v. FNMA*, 810 F.3d 103, 108 (1st Cir. 2016); *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012); *Reform Party of Allegheny Cty. v. Dep't of Elections*, 174 F.3d 305, 311–12 (3d Cir. 1999); *In re John Burnley*, 988 F.2d 1, 3 (4th Cir. 1992); *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981); *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000); *Hartman v. Lauchli*, 304 F.2d 431, 432 (8th Cir. 1962); *US v. 31.63 Acres of Land*, 840 F.2d 760, 762 (10th Cir. 1988)"); *Twelve John Does v. DC*, 841 F.2d 1133, 1141 (D.C. Cir. 1988); *Aldana v. Del Monte Fresh Produce, N.A.*, 741 F.3d 1349, 1357 (11th Cir. 2014); *Patton v. Sec'y of Dep't of HHS*, 25 F.3d 1021, 1028 (Fed. Cir. 1994).

The Seventh Circuit illustrated this principle in *Banks v. Chicago Bd. of Ed.*, 750 F.3d 663 (7th Cir. 2014). It affirmed the denial of a plaintiff's motion for relief from judgment, holding that

> [t]he district court did not abuse its discretion by denying Banks's post-judgment motion for relief. In her motion, Banks argued that the district court erred by finding that she had not offered sufficient evidence to support her claims and by misinterpreting the [statute]. In her brief before this court, she advances the same errors of fact and law.
>
> *These arguments could have been raised in a direct appeal, but Banks forfeited her opportunity to appeal the judgment because she failed to file a notice of appeal that would have been timely with respect to the entry of judgment. To protect her ability to raise these arguments, she had to file either a timely Rule 59(e) motion or a timely notice of appeal, and she did neither.*

▇▇▇ *Banks*, 750 F.3d at 667–68. The Second Circuit states the rule in absolute terms as well: "In no circumstances, though, may a party use a Rule 60(b) motion as a substitute for an appeal it failed to take in timely fashion." *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012) (cite omitted).

This alone is dispositive because Wolff, for whatever reason, did not appeal the January 13, 2016 judgment. Nor did he seek to extend or re-open the time for the filing of a notice of appeal. *See, e.g., Hibbard*, 621 Fed.Appx. at 723 (granting motion to dismiss appeal in part for lack of jurisdiction and otherwise summarily affirming the denial of *pro se* appellant's Rule 60(b)(6) motion, Court found "the conclusion is inescapable that Hibbard made a considered decision not to appeal the . . . order" dismissing her complaint

with prejudice); *Inland Concrete*, 2016 WL 7176692 at *24, 318 F.R.D. at 408 (Fairbank, J.) ("This alone is dispositive of Kraft's motion [for relief from judgment], because Kraft and KALP elected, for whatever reason, not to appeal this Court's June 22, 2011 default judgment."); *Winterthur Int'l Am. Ins. Co. v. Garamendi*, 2005 WL 3440266, *3 (E.D. Cal. Dec. 14, 2005) ("[P]laintiffs here made the decision not to appeal and Rule 60(b)(5) cannot save them from that miscalculation."); *cf. Hawkins v. Borsey*, 319 Fed.Appx. 195, 196 (4th Cir. 2008) ("Appellants failed to appeal the entry of default judgment. [T]heir history of litigating portions of the case and then failing to respond during other portions shows that the decision not to appeal was a conscious choice. Thus, appellants' motion was merely an untimely attempt to appeal the final judgment.").

▇▇▇ As our Circuit explained in *Plotkin v. Pac. Tel. & Tel. Co.*, 688 F.2d 1291 (9th Cir. 1982),

> **[a]llowing motions to vacate pursuant to Rule 60(b) after a deliberate choice has been made not to appeal, would allow litigants to circumvent the appeals process and would undermine greatly the policies supporting the finality of judgments.** Litigants unsuccessful at trial could forgo available appeals and, should subsequent decisions in other cases render their positions viable, they could move to have adverse judgments vacated. The uncertainty resulting from such a rule would be unacceptable.

*Id.* at 1293 (boldface added) (affirming dismissal of a 60(b) motion filed only 48 days after judgment where the movant had failed to appeal and his appeal time had elapsed).

Indeed, "[t]he concern that parties or courts could use Rule 60(b) to circumvent

the time limit for filing appeals animates our case law." *Banks*, 750 F.3d at 667. " 'If parties or courts could use Rule 60(b) to revive cases in which a party failed to appeal within the standard deadline, Appellate Rule 4 would lose much of its force.' " *Inland Concrete*, 2016 WL 7176692 at *24, 318 F.R.D. at 408 (quoting *Mendez v. Republic Bank*, 725 F.3d 651, 659 (7th Cir. 2013), and citing *In re Ray Jasper, Debtor*, 559 Fed.Appx. 366, 372 (5th Cir. 2014)). FRAP 4's strict time limit for filing appeals would be circumvented by allowing Wolff to raise alleged errors of law and fact by way of this 60(b) motion, *Plotkin*, 688 F.2d at 1293, "which is 'nothing' more than the first step in an attempt to take an untimely appeal' " from the January 2016 judgment, *Inland Concrete*, 2016 WL 7176692 at *24, 318 F.R.D. at 408 (quoting *Bell v. Eastman Kodak Co.*, 214 F.3d 798, 800 (7th Cir. 2000) ("The appeal . . . from the denial of the [60(b) ] is in fact an untimely appeal from the final judgment that the Rule 60(b) motion challenged, and . . . must be dismissed.")).

**"The Court has not located any precedent suggesting that this long-standing rule may not or should not be applied to *pro se* Rule 60(b) movants who failed to appeal** the errors which they seek to redress through their 60(b) motion." *Inland Concrete*, 2016 WL 7176692 at *26, 318 F.R.D. at 409. Thus, the Court's analysis is not changed by the fact that Wolff was pro se when he filed this motion. Nor is the Court's analysis changed by the fact that Wolff may have been unrepresented by counsel during the standard period for appeal of the January 2016 Judgment. *See Inland Concrete*, 2016 WL 7176692 at *26, 318 F.R.D. at 409 (citing *Regan v. Hawaii Dep't of Public Safety*, 334 Fed.Appx. 848, 849 (9th Cir. 2009) ("[A]rguments not raised on appeal *by a pro se litigant* are deemed abandoned.") (citing *Wilcox v.*

*Commissioner*, 848 F.2d 1007, 1008 n.2 (9th Cir. 1988)) (emphasis added)).

Accordingly, the Court must dismiss Wolff's Rule 60(b) motion as barred by his unexplained failure to appeal the judgment from which the motion seeks relief.

ANALYSIS: WOLFF'S RULE 60(b) MOTION IS UNTIMELY

 The Court has already concluded that Wolff's failure to appeal the January 2016 Judgment bars him from seeking relief from that judgment pursuant to Fed. R. Civ. P. 60(b). The Court now concludes that, even if Wolff were not barred from seeking 60(b) relief, this motion is untimely. Because the Court lacks jurisdiction over untimely Rule 60(b) motions, that is a second, independent basis requiring dismissal of the motion. *See Inland Concrete*, 2016 WL 7176692 at *26, 318 F.R.D. at 410.

Wolff seeks relief from the judgment under 60(b)(1) and 60(b)(3), and Federal Rule of Civil Procedure 60(c)(1), entitled Timing and Effect of the Motion—Timing, provides in its entirety that "[a] motion under Rule 60(b) must be made within a reasonable time—and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." **This Court entered final judgment on January 12, 2016, and Wolff's Proof of Service states that he did not tender the instant Rule 60(b) motion to prison staff until more than one year later, on January 31, 2017. Hence, the motion is untimely.**

 **Moreover, while Rule 60(c)(1) permits a court to find that it was "reasonable" for a party to file a 60(b)(1) motion as long as a year after entry of judgment, depending on the circumstances, "[c]ircuit precedent, however, holds that a court may not find a 60(b)(1) motion to be filed 'within a**

reasonable time' unless it was filed within the time for taking an appeal." *Inland Concrete*, 2016 WL 7176692 at *27, 318 F.R.D. at 411 (citing *Arrieta v. County of Kern*, 161 F.Supp.3d 919, 930 (E.D. Cal. 2016) ("Rule 60(b)(1) allows the Court" to grant relief from judgment if the motion is "filed within a reasonable time *not exceeding the time for appeal.*") (citing *Gila River Ranch, Inc. v. US*, 368 F.2d 354, 357 (9th Cir. 1966)) and *Lebahn v. Owens*, 813 F.3d 1300, 1305 (10th Cir. 2016) ("[A] Rule 60(b)(1) motion asserting mistake of law is untimely—and therefore gives the district court no authority to grant relief—*unless brought within the time to appeal.*") (citation omitted)) (italics added). Thus, to the extent that Wolff's motion seeks relief from judgment under 60(b)(1), the motion would have been untimely even if filed less than one year after the entry of judgment because it was not filed within the time for noticing an appeal.

"As our Circuit has emphasized, Federal Rule of Civil Procedure 6(b)(2) expressly provides that 'a Court must not extend the time to act under [Rule] 60(c).' " *Ceja v. Scribner*, No. LA CV 07-00606-VBF, 2016 WL 3996152, *5 (C.D. Cal. Jan. 19, 2016) (quoting *McKnight v. Neven*, 366 Fed.Appx. 841, 842 (9th Cir. 2010) (O'Scannlain, Trott, Paez) (footnote 1 omitted)), *recon. denied*, 2016 WL 4035665 (C.D. Cal. Mar. 3, 2016); *see, e.g., Azam v. City of Pleasanton*, 356 Fed.Appx. 6, 7 (9th Cir. 2009) ("The district court did not abuse its discretion when it denied Azam's post-judgment motions seeking an enlargement of time to file a motion . . . for relief from judgment.").

Some district courts have called Rule 60(c)'s time limit "jurisdictional", *see, e.g., McKnight v. Runnels*, 2008 WL 3876210, *1 (E.D. Cal. Aug. 20, 2008), but a Ninth Circuit panel has stated that "regardless of whether the [Rule 60(c) time] limit is 'ju-risdictional,' it must be strictly enforced." *Ceja*, 2016 WL 3996152 at *5 (quoting *McKnight*, 366 Fed.Appx. at 842).

Thus, the Court has no authority or discretion to exercise jurisdiction over a Rule 60(b) motion that is not filed within the time permitted by the Rule. *See Inland Concrete*, 2016 WL 7176692 at *27, 318 F.R.D. at 411 (expressing approval of the view that Rule 60's "time limit . . . is jurisdictional and cannot be extended") (citing *Nevitt v. United States*, 886 F.2d 1187, 1188 (9th Cir. 1989)); *Adams v. Hedgpeth*, No. LA CV 11-03852-VBF Doc., 2014 WL 12013439, *4 (C.D. Cal. May 30, 2014) (" '[T]he Rule itself declares the 'reasonable time' beyond which a court cannot grant relief from judgment, and *the District Court could not ignore that.*' ") (quoting *Elder-Keep v. Aksamit*, 254 Fed. Appx. 556, 558 (8th Cir. 2007)) (italics in *Adams*). Thus, this Court must enforce the Rule 60(c) time limit. Because Wolff did not file his Rule 60(b) motion within the time that Rule 60(c) permits for (b)(1) and (b)(3) motions, the Court must dismiss the motion with prejudice on that ground as well.

## ORDER

Plaintiff's Fed. R. Civ. P. 60(b) motion for relief from judgment [**Doc # 18**] is **DISMISSED** <u>with</u> **prejudice** because the motion is untimely under Fed. R. Civ. P. 60(c) and because the motion is barred by his failure to raise these assignments of error on direct appeal.

IT IS SO ORDERED.