1 
2 
3 
4 
5 
6 
7 
8 UNITED STATES DISTRICT COURT 
9 FOR THE EASTERN DISTRICT OF CALIFORNIA 
10 
11 RASHAN GREENE, No. 1:18-cv-01330-ADA-SAB (PC) 
12 Plaintiff, 
 v. 
13 
 ORDER DENYING PLAINTIFF’S MOTION 
14 M. ORITZ, et al., FOR RELIEF FROM A FINAL JUDGMENT 

15 Defendant. (ECF No. 18) 
16 
17 
18 On March 15, 2019, Plaintiff Rashan Greene (“Plaintiff”) filed the instant action pursuant 
19 to 42 U.S.C. § 1983, which was dismissed for failure to state a cognizable claim for relief. (See 
20 ECF Nos. 16, 17.) 
21 On May 10, 2022, Plaintiff filed a motion for relief from a final judgment pursuant to 
22 Federal Rule of Civil Procedure 60. (ECF No. 18.) Plaintiff’s motion seeks relief based on 
23 “mistake, inadvertence, surprise, or excusable neglect” under Rule 60(b)(1) and “any other reason 
24 that justifies relief” under Rule 60(b)(6). (Id. at 3.) The Court finds that Plaintiff’s motion fails 
25 to demonstrate that he is entitled to relief from the court’s judgment under either subsection of 
26 Rule 60. 
27 /// 
28 
1 I. LEGAL STANDARD 
2 Under Rule 60(b), the court may relieve a party from a final judgment based on several 
3 different reasons. See Fed. R. Civ. P. 60(b). Under Rule 60(b)(1), excusable neglect 
4 encompasses situations where failure to comply with a filing deadline is attributable to 
5 negligence. Lemoge v. United States, 587 F.3d 1188, 1192 (9th Cir. 2009). To determine 
6 whether neglect is excusable, the court considers the relevant circumstances surrounding the 
7 party’s omission.” Id. (internal citations omitted). Furthermore, a Rule 60(b) motion must be 
8 timely, and if brought under reasons (1), (2), and (3), the motion may be brought no more than a 
9 year after the entry of the judgment.” Fed. R. Civ. P. 60(c). In other words, any motion 
10 pursuant to Rule 60(b)(1), (2), or (3) that is made after one year is untimely. Fed. R. Civ. P. 
11 60(c)(1). According to Rule 6(b), a court must not extend the time to act under Rule 60(b). Fed. 
12 R. Civ. P. 6(b). Moreover, the Ninth Circuit has held that the one-year time limit “must be 
13 strictly enforced.” McKnight v. Neven, 366 F. App'x 841, 843 (9th Cir. 2010). 
14 Under Rule 60(b)(6), a party may seek relief from a judgment based on “any other reason 
15 that justifies relief.” Fed. R. Civ. P. 60(b)(6). While Rule 60(b)(6) is often referred to as a 
16 “catch-all” provision, courts have interpreted the provision stringently. See Liljieberg v. Health 
17 Servs. Acquisition Corp., 486 U.S. 847, 864 (1988). The provision must be applied sparingly as 
18 an equitable remedy to prevent manifest injustice and only when extraordinary circumstances 
19 prevented a party from taking timely action to prevent or correct an erroneous judgment. 
20 Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1103 (9th Cir. 2006). As a result, 
21 judgments are not often set aside under Rule 60(b). Id. Unlike a Rule 60(b)(1) motion, 
22 a Rule 60(b)(6) motion may be considered “even after one year has passed for ‘any other reason 
23 justifying relief from the operation of the judgment.’” Pioneer Inv. Servs. Co. v. Brunswick 
24 Assocs. Ltd. P'ship, 507 U.S. 380, 393 (1993). 
25 /// 
26 /// 
27 /// 
28 /// 
1 II. ANALYSIS 
2 a. Motion under Rule 60(b)(1) 
3 To the extent Plaintiff’s motion is brought pursuant to Rule 60(b)(1), the motion must be 
4 denied as untimely. Plaintiff filed the instant motion over three years after the Court’s 
5 March 15, 2019, entry of judgment. (See ECF Nos. 17, 18.) Therefore, under Rule 60(b)(1), 
6 Plaintiff’s motion is untimely and is denied on that basis. 
7 b. Motion under Rule 60(b)(6) 
8 To the extent Plaintiff's motion is brought pursuant to Rule 60(b)(6), Plaintiff does not 
9 demonstrate that relief is necessary to prevent a manifest injustice. In his motion, Plaintiff argues 
10 that he was never made aware of the Court’s order adopting the findings and recommendations 
11 for failure to state a cognizable claim for relief, which closed the case. (ECF No. 18 at 4.) 
12 Plaintiff vaguely alleges that prison officials, particularly Defendants’ co-workers, have been 
13 retaliating against him for exercising his civil rights, which has prevented him to receive mail. 
14 (Id.) There is no indication that Plaintiff had not received the findings and recommendations 
15 issued by the Magistrate Judge, (ECF No. 15), or that Plaintiff had not received the order 
16 adopting the findings and recommendations. (ECF No. 16.) None of the filings had been returned 
17 as undeliverable to Plaintiff. Furthermore, Plaintiff was actively prosecuting his case near the 
18 time that the Magistrate Judge had issued the findings and recommendations. (See ECF Nos. 12, 
19 14.) In fact, Plaintiff had been served the findings and recommendations, which contained a 
20 notice that objections may be filed within twenty-one days. (ECF No. 15.) Plaintiff did not file 
21 objections. Therefore, Plaintiff fails to show a “manifest injustice” or “extraordinary 
22 circumstances” that warrant the relief sought under Rule 60(b)(6). 
23 /// 
24 /// 
25 /// 
26 /// 
27 /// 
1 Wl. CONCLUSION 
2 Accordingly, Plaintiff's motion to vacate the dismissal, (ECF No. 18), filed on May 10, 
3 2022, is DENIED and the case remains closed. 
4 
5 
6 | IIS SO ORDERED. 
7 Dated: _ September 27, 2022 
 UNITED fTATES DISTRICT JUDGE
10 
11 
12 
13 
14 
15 
16 
17 
18 
19 
20 
21 
22 
23 
24 
25 
26 
27 
28